Frederick P. McGINNIS, Commissioner of the Department of Health and Social Services, and Charles G. Adams, Jr., Director of the Division of Corrections, Department of Health and Social Services, Appellants,

v.

H. C. R. STEVENS, and all other persons presently imprisoned, in custody, or in any manner detained under the authority of the Commissioner of the Department of Health and Social Services, Appellees.

No. 3094.

Supreme Court of Alaska.

Nov. 4, 1977.

Ivan Lawner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellants.

Robert H. Wagstaff, Wagstaff & Middleton, Anchorage, for appellees.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

## OPINION

RABINOWITZ, Justice.

In 1971 appellee Stevens filed a class action seeking declaratory and injunctive relief. The gravamen of the complaint was that prisoners under the jurisdiction of appellants were being deprived of due process rights by virtue of appellants' arbitrary revocation of inmates' statutory good time, appellants' arbitrary administration of disciplinary matters within Alaska's prison facilities, and appellants' arbitrary administration of classification matters including participation in work release and education programs. After a non-jury trial, the superior court determined that appellants' disciplinary and classification procedures did not comport with due process requirements. In its judgment the superior court declared numerous aspects of Alaska's prison procedures repugnant to Alaska's Constitution, enjoined appellants from continuing such procedures, and fashioned a comprehensive decree governing in detail prison discipline and security.

Thereafter the matter was appealed to this court and an opinion subsequently issued in *McGinnis v. Stevens,* 543 P.2d 1221 (Alaska 1975). In *McGinnis* we noted that subsequent to the superior court's entry of its initial judgment in this matter, the Supreme Court of the United States issued its landmark opinion in *Wolff v. McDonnell,*

418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff* the Supreme Court held that when major prison disciplinary proceedings are instituted against a state prisoner, due process requires giving the inmate at least twenty-four hour advance written notice of the alleged violation; supplying the inmate with a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action; allowing the inmate facing disciplinary action to call witnesses and to present documentary evidence in his behalf when to do so will not be unduly hazardous to institutional safety or correctional goals; and allowing an illiterate inmate, or an inmate facing a complex issue, to have assistance in marshalling and presenting evidence and in comprehending the issues of the case.[1]

In *McGinnis* we explicitly noted that the State of Alaska, undoubtedly cognizant of the binding impact of *Wolff* under the Supremacy Clause, did not appeal from those portions of the superior court's comprehensive judgment which paralleled the *Wolff* standards. The state did appeal from those portions of the superior court's judgment which went significantly beyond *Wolff.*[2]

In our *McGinnis* opinion we concluded that *Wolff* did not delineate the full reach of due process rights which must be accorded prison inmates under the Constitution of Alaska.[3] In summarizing our various holdings in *McGinnis,* we said:

> [T]he superior court went significantly beyond *Wolff* in ruling that inmates of Alaska prisons must be allowed the unqualified right of confrontation and cross-examination in both disciplinary and classification proceedings; in requiring that the hearing officers in disciplinary proceedings be drawn from sources outside of the Division of Corrections; by requiring a verbatim record of the disciplinary and classification proceedings; by providing that the inmate has the right of an automatic appeal from disciplinary or classification decisions to the superior court; and holding that inmates faced with major infraction charges be granted assistance of counsel (or appointed counsel if unable to afford an attorney).

> *McGinnis v. Stevens,* 543 P.2d 1221, 1226 (Alaska 1975).

---

1. *Wolff v. McDonnell,* 418 U.S. 539, 564–70, 94 S.Ct. 2963, 2978–2982, 41 L.Ed.2d 935, 955–59 (1974). The Supreme Court's delineation of prisoner's rights with respect to loss of statutory good time and placement in solitary confinement was premised on the conclusion that such state actions were deprivations of liberty under the Fourteenth Amendment. Justice White, writing for the majority, emphasized:

   > [T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. (citations omitted)

   *Id.* at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951.

2. As we noted in *McGinnis:*

3. In the past, this court has stated that it is not bound by the Supreme Court of the United

[W]e have held that Alaskan prisoners are entitled, under the Alaska Constitution, to all due process rights enunciated in *Wolff*. Further, we have concluded that Alaska's Constitution requires greater due process protections than the United States Constitution in the following respects: a prisoner has the right to counsel in conjunction with major disciplinary proceedings when felony prosecution may result; the right to call witnesses and produce documentary evidence in his favor (subject to the limitations discussed previously); the right to confront and cross-examine witnesses; and the right to have the entire hearing recorded for purposes of administrative appeal and potential further appeal to the superior court. In the following aspects, we agree with the United States Supreme Court's decision in *Wolff* and find that the Alaska Constitution affords an inmate of our penal system no greater protection than the United States Constitution: a disciplinary proceeding is not a criminal proceeding, thus the inmate has no automatic right of appeal to the courts of Alaska; the standard of proof, in disciplinary hearings, of violation of prison rules is not 'beyond a reasonable doubt,;' and, while the inmate is entitled to a fair and impartial hearing, it is not constitutionally impermissible for the hearing to be conducted by employees of the prison system.[4]

Further, in *McGinnis* we held that prisoners who are subjected to minor disciplinary action by prison authorities are "entitled to no more due process than a right to be heard by fair and impartial officials of the prison system whose disposition of the matter, coupled with the reasons for the decision, is made part of a complete record."[5] With reference to classification proceedings we held that "decisions of prison authorities . . . are completely administrative matters regarding which the inmate has no due process rights beyond the expectation of fair and impartial allocation of the resources of the prison system to its charges."[6]

In accordance with this court's opinion in *McGinnis* the matter was remanded to the superior court with instructions that its judgment should be amended to conform to our opinion in *McGinnis* and should be limited to the subjects covered in the opinion.[7] Subsequent to our remand the superior court, in July 1976, entered an amended judgment. In part the amended judgment provided:

> [I]n addition to the basic procedural due process requirements for disciplinary hearings as mandated by *Wolff vs. McDonnell* . . . a prisoner in Alaska has the right to counsel in conjunction with major disciplinary proceedings when a felony prosecution may result; the right to call witnesses and to produce documentary evidence in his favor; the right to confront and cross-examine witnesses; and the right to have the entire hearing recorded for the purposes of an administrative appeal and potential fur-

States' interpretation of federal constitutional provisions when interpreting parallel provisions of the Alaska Constitution. *Baker v. City of Fairbanks*, 471 P.2d 386, 401–2 (Alaska 1970); *accord, Blue v. State*, 558 P.2d 636 (Alaska 1977); *Scott v. State*, 519 P.2d 774, 783 (Alaska 1974); *Alexander v. City of Anchorage*, 490 P.2d 910, 915 (Alaska 1971); *Whitton v. State*, 479 P.2d 302, 309 (Alaska 1970); *Roberts v. State*, 458 P.2d 340, 342 (Alaska 1969).

4. *McGinnis v. Stevens*, 543 P.2d 1221, 1236–37 (Alaska 1975).

5. *Id.* at 1237. We also noted that the offender is entitled to the benefit of the Division's disciplinary procedures relative to minor infractions.

6. *Id.* In *McGinnis* we further noted that to the extent a classification proceeding is a pretext for disciplinary action "the Alaska Constitution will afford the inmate the greater due process protections we have previously outlined . . ." *Id.*

7. We noted: "[T]he scope of the superior court's judgment was comprehensive and extraordinarily detailed. Although we can appreciate the superior court's rationale for entering a decree of the scope and detail it did . . . we think it overly broad in view of the Division's current regulations." *Id.* at 1239.

ther appeal to the superior court, (*Stevens vs. McGinnis [McGinnis v. Stevens]*, 543 P.2d 1236).

■ Appellants have advanced four specifications of error regarding this portion of the superior court's amended judgment. Appellants' initial specification of error asserts that "the portion of the amended judgment requiring [appellants] to comply with the basic procedural due process requirements for disciplinary hearings as mandated by *Wolff v. McDonnell* is too vague to give [appellants] notice of what they must do in order to comply with the court's judgment."[8] In the context of this litigation we think the state's contention is devoid of merit. Regardless of whether the superior court's amended judgment was sufficiently detailed with respect to the due process requirements for disciplinary hearings mandated by *Wolff*, the Supremacy Clause requires appellants to comply with the procedural criteria articulated by the Supreme Court of the United States in *Wolff*. Additionally, our first opinion in this matter summarized the procedural safeguards in major prison disciplinary proceedings which the Supreme Court held constitutionally required.[9]

■ Appellants' second specification of error asserts that "the lower court erred in ordering that Alaskan prisoners have the right to call witnesses and to produce documentary evidence in their favor, the right to confront and cross-examine witnesses, and the right to have the hearing recorded in *all* disciplinary proceedings." (emphasis added) The essence of appellants' contention is that the amended judgment failed to limit its enumeration of prisoners' rights to those appertaining to *major* disciplinary proceedings.[10] Appellants are correct in their reading of our opinion in *McGinnis;* there we distinguished between major and minor disciplinary proceedings and held that the prisoner's rights in question were applicable only in major disciplinary proceedings. However, although the questioned portion of the superior court's amended judgment is somewhat ambiguous, it can be read as conforming to the major— minor disciplinary distinction enunciated in *McGinnis*. We conclude that it is unnecessary to specifically modify the superior court's amended judgment, since it can be interpreted as properly limiting the prisoner's rights to major disciplinary proceedings.[11]

8. Appellants contend that they should not be required to read a court opinion in order to determine what actions are permissible. They also rely on the provisions of Civil Rule 65(d), which reads, in part:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . . .

9. *McGinnis v. Stevens,* 543 P.2d 1221, 1225–26 (Alaska 1975).

10. In *McGinnis v. Stevens,* 543 P.2d 1221, 1225 n.6 (Alaska 1975), we said:

We have characterized the type of disciplinary proceedings in question in *Wolff* as major because its consequences involved some of the most severe punishments possible at an administrative level, namely: loss of statutory good time, placement in solitary confinement, or removal of any or all privileges for extended periods of time.

. . . Whether a disciplinary determination is major or minor will ordinarily revolve around two factors: the relative gravity of

the offense and the nature of the consequences that may result from finding a prisoner guilty of the offense. *Cf. Baker v. City of Fairbanks,* 471 P.2d 386 (Alaska 1970).

11. Appellants have sought clarification of *McGinnis* with respect to whether the Division of Corrections must make a verbatim record of the entire minor disciplinary proceeding or whether the record must merely include such items as the incident report, other written statements relied upon, a summary of the evidence relied upon, and the decision and reasons therefor. In *McGinnis* our discussion of the requirement of a verbatim taped record of a disciplinary proceeding was in the context of a major disciplinary hearing. As noted previously, in *McGinnis* we held that prisoners who are subjected to minor disciplinary action are "entitled to no more due process than a right to be heard by fair and impartial officials of the prison system whose disposition of the matter, coupled with the reasons for the decision, is made part of a complete record." *McGinnis v. Stevens,* 543 P.2d at 1237.

In their third specification of error appellants advance a narrow technical assertion of error. Here appellants contend that the superior court "erred in ordering that Alaskan prisoners have the right to call witnesses and to produce documentary evidence in their favor, and the right to confront and cross-examine witnesses without limitation." Appellants are correct in their assertion that when articulating these rights in *McGinnis* this court placed limitations on their exercise. For example, we said that the right to call witnesses and to present documentary evidence may be limited if the proffered testimony or evidence is repetitious or irrelevant or if "the calling of a particular witness may create a risk of reprisal or undermine prison authority . . .."[12] Here again we think the superior court's amended judgment is susceptible to a construction which includes the limitations articulated by this court in *McGinnis* pertaining to the prisoner's right to call witnesses, to produce documentary evidence, and to confront and cross-examine witnesses. The superior court's amended judgment articulated these rights and then cited *McGinnis,* thus impliedly recognizing the limitations contained in that opinion. In short, given the text of the superior court's amended judgment, we are reluctant to conclude that the superior court intentionally entered a judgment which was not in conformity with the directives of this court's mandate issued pursuant to the *McGinnis* opinion.[13]

Appellants' last specification of error concerning this portion of the superior court's amended judgment asserts that the superior court "erred in ordering that Alaskan prisoners have the right to have a disciplinary hearing recorded for purposes of potential further appeal to the superior court." In *McGinnis v. Stevens,* 543 P.2d 1221, 1235–36 (Alaska 1975), with respect to appeals from prison disciplinary hearings, we said:

Since *Wolff* acknowledges that a prison disciplinary proceeding is not a criminal prosecution, the superior court's ruling that the prisoner is entitled to an automatic appeal to the superior court is not required by the federal constitution. Nor is a right to an automatic appeal, as a matter of due process, required by Alaska's constitution. We hold that the administrative appeals provided by the Division's regulations are not constitutionally defective. In our view, the primary law source for resolution of disciplinary proceeding issues is the Division of Correction's regulations. Interpretation and application of these regulations should be, and is, committed in the first instance to employees of the Division of Corrections and inmates together with two levels of administrative appeals.[14] (footnote omitted)

Although it is not free from ambiguity, we have concluded that the superior court's amended judgment is in conformity with our holding in *McGinnis* relating to the right of a prisoner to appeal from a major disciplinary proceeding. Study of the dis-

---

**12.** *Id.* at 1230.

As to the prisoner's right of confrontation and cross-examination we said:

Admittedly, there are situations where the inmate's rights of confrontation and cross-examination in disciplinary hearings could become erosive of authority and order in prison. In such circumstances the rights of confrontation and cross-examination must give way to the legitimate needs of the institution and correctional authorities.

*Id.* at 1231.

**13.** In *State v. Salinas,* 362 P.2d 298, 301 (Alaska 1961), we noted the obligation of the trial court upon remand of a matter from this court:

It is our view that upon remand of a case by this court it becomes the duty of the lower court to obey the mandate and render judgment in conformity. This rule is supported by the overwhelming weight of authority and is based on the policy that litigation must be finally ended. (footnotes omitted)

*Accord, Cleary v. State,* 564 P.2d 374, 377 (Alaska 1977).

**14.** Additionally we noted:

If fundamental constitutional rights are alleged to be abridged in disciplinary proceedings, it would be the duty of the court to inquire into the allegations. (citations omitted)

*McGinnis v. Stevens,* 543 P.2d 1221, 1236 n.45 (Alaska 1975).

puted text of the superior court's amended judgment has convinced us that the references to administrative appeals and potential further appeal to the superior court were bottomed on the appeal limitations articulated by this court in *McGinnis*.

We next turn to the remaining disputed portions of the superior court's amended judgment. In its amended judgment, the superior court provided:

> It is recognized that the Supreme Court found certain portions of this Court's order no longer necessary 'in view of the Division's current regulations' [543 P.2d at 1239]. This court finds that the 'current regulations' referred to by the Supreme Court were those regulations proposed by the Department of Health and Social Services on May 20, 1975, and upon which there were public hearings held.
>
> . . . . .
>
> It is this Court's understanding that these regulations have not, in fact, been adopted. The purpose of this Amended Judgment is to correct the error and make these proposed regulations have the effect of law and be the order of the Court.
>
> IT IS THEREFORE ORDERED AND DIRECTED by this Court that the proposed regulations . . . be implemented forthwith and that counsel for the State file an appropriate certificate of compliance.[15]

Appellants have lodged two separate specifications of error concerning this portion of the superior court's amended judgment. First, appellants assert that the superior court's finding that the "current regulations" referred to in *McGinnis* were the regulations proposed by the Department of Health and Social Services on May 20, 1975, was clearly erroneous. They contend that there was no basis in the record for such a finding. Second, appellants claim that it was an abuse of discretion for the superior court to order that the proposed regulations of May 20, 1975, be implemented. Appellants argue that the proposed formal regulations which were ostensibly implemented by the superior court's amended judgment were not the regulations to which this court referred in *McGinnis*. They note that the proposed regulations were neither part of the record on appeal nor part of the record before the superior court. Further, appellants argue that the amended judgment's incorporation of the proposed regulations made the judgment far more comprehensive and detailed than the original judgment which this court disapproved.[16]

In response, appellees suggest that this aspect of the case should be remanded to the superior court for a determination as to what regulations are currently in effect and whether those regulations comport with the requirements of *Wolff* and *McGinnis*. We believe there is considerable merit in appellees' suggestion and therefore remand this aspect of the case with directions to the superior court and the respective parties.[17]

AS 33.30.010 provides that the Commissioner of the Department of Health and

---

**15.** In *McGinnis* we stated:
> As indicated earlier, the scope of the superior court's judgment was comprehensive and extraordinarily detailed. Although we can appreciate the superior court's rationale for entering a decree of the scope and detail it did with this matter, nonetheless, we think it overly broad in view of the Division's current regulations.
> *Id.* at 1239.

**16.** Appellants also have made a separation of powers argument. They state:
> The lower court's abuse of discretion and usurpation of an executive function is particularly egregious because of the fact that the court below did not even have the full text of the proposed regulations before it and therefore did not know what it was ordering to be implemented.

**17.** We acknowledge that any reference to "regulations" in *McGinnis* was intended as a reference to the Manual for Alaska State Adult Correctional Institutions as revised. In their reply brief, appellants conceded that "the Manual was not promulgated in accordance with the Administrative Procedures Act . . . and therefore did not have the force of formally adopted regulations, nevertheless the Manual did express the operating policy and procedures of the Division of Corrections."

Social Services "has control and management of state prison facilities." AS 33.30.020 provides:

> The commissioner shall establish prison facilities and classify the prisoners in prison facilities. He shall provide for the safety, subsistence, proper government, and discipline of prisoners. He shall establish programs for the treatment, care, rehabilitation and reformation of prisoners.

Of particular significance is the provision of AS 33.30.030 which states that "[t]he commissioner shall adopt rules and regulations necessary to carry out the purpose of this chapter." From these statutes it is apparent that the Commissioner is under a legislative mandate and has the concomitant duty to promulgate appropriate regulations concerning prison facilities and the numerous other matters coming within the ambit of AS 33.30.010–260. In this regard we note that some seventeen years have elapsed since AS 33.30.030 was enacted into law. We conclude that the Commissioner has had ample time in which to adopt appropriate regulations. Therefore, the matter is remanded to the superior court for a determination of what constitutes the current regulations of the Department of Health and Social Services pertaining to Alaska's prisoners. On remand, the superior court should allow appellants a reasonable time to file a certification of the current regulations. After this has been accomplished, the superior court is to examine the current regulations and determine whether they comply with the criteria enunciated in *Wolff* and *McGinnis*.[18] The superior court may conduct any further proceedings deemed warranted by the circumstances.[19]

Modified and Remanded for further proceedings not inconsistent with this opinion.

18. Inherent in our remand is the conclusion that the superior court's amended judgment must be vacated in respect to its purported attempt to effectuate the May 20, 1975, proposed regulation of the Department of Health and Social Services.

19. Mention should be made of one remaining specification of error. Appellants assert that the superior court erred in entering a judgment against the original named defendants and in

failing to substitute as defendants the current Commissioner of the Department of Health and Social Services and the current Director of the Division of Corrections. In their brief appellees have stated that they do not object to the substitution. Civil Rule 25(c)(1) now provides for automatic substitution. Upon remand, the superior court is directed to substitute the successors of appellants as parties pursuant to the amended rule.