Guy W. DAYHOFF, Steve Alexander,
and Tom Angstadt, Appellants,

v.

TEMSCO HELICOPTERS,
INC., Appellee.

No. S–2456.

Supreme Court of Alaska.

May 5, 1989.

W.D. Bennett and Kevin G. Clarkson, Perkins Coie, Anchorage, for appellants.

Leonard B. Barson, Keller Rohrback, Seattle, Washington, pro hac vice, and H. Clay Keene, Keene & Currall, Ketchikan, for appellee.

Jan Hart DeYoung, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for amicus curiae the State of Alaska, Dept. of Labor.

OPINION

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

COMPTON, Justice.

This appeal presents the question whether the superior court erred in dismissing three former employees' statutory wage claims on the ground that the statute of limitations had expired. The wage claimants argue that (1) Department of Labor (DOL) proceedings are an alternative administrative remedy that they were required to pursue and (2) the statute of limitations is equitably tolled during the pendency of a DOL investigation. We reverse the judgment for the employer and remand for resolution of the question whether the statute of limitations was equitably tolled during the DOL investigation.

## I. STANDARD OF REVIEW

The employer, Temsco Helicopters, Inc., moved for judgment on the pleadings. Alaska R.Civ.P. 12(c). However, the superior court considered evidence outside the pleadings; therefore, the court in effect entered summary judgment for Temsco. *Id.; see Reed v. Municipality of Anchorage,* 741 P.2d 1181, 1184 (Alaska 1987).

A summary judgment is affirmed if the evidence in the record fails to disclose a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Reed,* 741 P.2d at 1184. All reasonable inferences of fact are drawn in favor of the non-moving party and against the moving party. *Zeman v. Lufthansa German Airlines,* 699 P.2d 1274, 1280 (Alaska 1985). The following facts are therefore set forth in the light most favorable to the wage claimants.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Three helicopter pilots worked on public construction projects for Temsco at various times between September 1982 and October 1983. After they ended employment with Temsco, each initiated administrative proceedings with DOL claiming that he had been undercompensated.

DOL investigated each case but never held a formal hearing. The employees assert that DOL found that the employees had been undercompensated and ordered Temsco to pay back wages.[1] Temsco refused to comply with any DOL orders on the ground that DOL lacked authority to enforce its rulings. DOL informed the employees that it would take no further action on their claims and withdrew from the cases in September 1985.

The employees filed separate complaints in superior court to recover back wages in January 1986. The cases were consolidated. The employees sought (1) unpaid prevailing wages, AS 36.05.010; (2) unpaid overtime wages, AS 23.10.110; (3) liqui-

dated damages, *id.,* and (4) civil penalties, AS 23.05.140(d). Superior Court Judge Thomas M. Jahnke dismissed each of the first three claims on the ground that the complaints were not filed within the two-year statute of limitations, which expired in October 1985.[2] Superior Court Judge Thomas E. Schultz then entered a Civil Rule 54(b) final judgment with respect to the dismissed claims. The employees appeal.

## III. ALASKA WAGE AND HOUR ACT, AS 23.10.050–.150

The unpaid overtime claims are governed by the Alaska Wage and Hour Act (AWHA), AS 23.10.050–.150. AWHA was enacted to establish minimum wage and overtime compensation standards. AS 23.-10.050(1), .060, .065. An employee may sue an employer who violates AWHA for unpaid wages, overtime, and liquidated damages. AS 23.10.110(a), (b).

DOL may accept an assignment of the claim and bring a legal action in court to collect it. AS 23.10.110(b). DOL may also ask the court to enjoin AWHA violations. AS 23.10.115. DOL has promulgated regulations which permit it to hold a hearing under the Administrative Procedure Act or file a lawsuit to enforce a wage claim. 8 AAC 15.180(d)(2), (3). Hearings conducted are subject to judicial review under the APA, AS 44.62.010–.650. AS 23.10.090. However, as a matter of practice, the APA hearing is never held; following an informal hearing, all claims are either dropped or referred to the attorney general for enforcement.

## IV. THE LITTLE DAVIS–BACON ACT, AS 36.05.010–.110.

The unpaid prevailing wage claims are based on the Little Davis–Bacon Act (the Act), AS 36.05.010–.110. Under the Act, a contractor on a public construction contract must pay its employees the prevailing rate

---

1. Temsco disputes this characterization of the DOL investigation—it asserts that DOL never determined whether it was liable to Dayhoff and Angstadt.

2. Judge Jahnke concluded that the claim for civil penalties was timely filed under the applicable three-year statute. AS 09.10.060(b).

of wages for similar work performed in a similar region. AS 36.05.010. An employee may sue to collect unpaid prevailing wages under AS 23.10.110(b), or he may ask DOL to accept an assignment to prosecute the claim on his behalf. *Id.*

DOL may conduct investigations, hold hearings, subpoena witnesses and documents, and adopt regulations to enforce the Act. AS 36.05.030(a). The attorney general enforces these provisions upon request by DOL. AS 36.05.030(b).

The regulations promulgated under the Act authorize DOL to render a decision ordering specific relief;[3] however, it must refer to the attorney general any order which the employer refuses to obey. 8 AAC 30.110. As a matter of practice, DOL either holds a formal hearing and renders a decision which is appealable to the superior court, or it holds an informal hearing to determine whether to refer the case to the attorney general for enforcement.

## V. STATUTES OF LIMITATIONS

When an employee's job terminates, his employer must pay all wages and other compensation due within three working days. AS 23.05.140(b). If the employer fails to do so, it is liable to the employee for unpaid wages and overtime, plus liquidated damages in an amount equal to the unpaid overtime. AS 23.10.110(a).

The employees' claims for unpaid overtime are subject to a two-year statute of limitations. AS 23.10.130. The unpaid prevailing wage claims are governed by the two-year statute of limitations found in AS 09.10.070(3).[4]

At the latest, the statutes began to run three days following the respective dates of termination, when the employer had a duty to pay all wages and other compensation for services. *See Reed*, 741 P.2d at 1185; AS 23.05.140.[5] The employees left Temsco's employ in October 1983; therefore, the applicable statutes of limitations expired in October 1985. The complaints were all filed in January 1986, more than two years after the causes of action accrued; therefore, the claims are barred unless the statutes were tolled during pendency of the DOL proceedings.

## VI. EQUITABLE TOLLING

The employees contend that, whether or not DOL proceedings are an alternative administrative remedy, the statutes of limitations were equitably tolled while DOL investigated their wage claims.

 The equitable tolling doctrine applies to relieve a plaintiff from the bar of the statute of limitations when he has more than one legal remedy available to him. *Gudenau & Co. v. Sweeney Ins.*, 736 P.2d 763, 768 (Alaska 1987). The statute is equitably tolled if (1) pursuit of the initial remedy gives defendant notice of plaintiff's claim, (2) defendant's ability to gather evidence is not prejudiced by the delay, and (3) plaintiff acted reasonably and in good faith. *Id.* The statute is tolled only when the initial remedy is pursued in a judicial or quasi-judicial forum. *Id.*

 Whether the DOL proceedings gave Temsco notice of the employees' claims and whether the delay prejudiced its ability to gather evidence are disputed questions of fact. Thus, the decision of the superior court must be reversed if DOL proceedings are quasi-judicial.

We believe that filing a wage claim with DOL constitutes pursuit of an alternative legal remedy in a quasi-judicial forum. First, DOL is a government agency which provides a voluntary, informal means to resolve certain wage disputes. The statutes clearly entitled the employees to ask DOL to review and prosecute their claims.

Second, DOL has the power to conduct investigations, issue subpoenas, and hold

---

**3.** The "decision may contain such cease and desist orders and other orders and relief ... as [DOL] considers appropriate to correct the unlawful conduct." 8 AAC 30.110(b).

**4.** AS 09.10.070 provides in part:
No person may bring an action ... (3) upon a liability created by statute, other than a penal-ty or forfeiture; unless commenced within two years.

**5.** *But see Brown v. Wood*, 575 P.2d 760, 770–71 (Alaska 1978) (AS 09.10.070 limits employee's recovery of back pay to that earned within two years of filing suit).

hearings subject to appeal to the superior court. Thus, its powers are similar to those of other adjudicative agencies and approximate those of a court or arbitrator.

Finally, a decision to the contrary would render the process meaningless—an employee would have little incentive to pursue administrative relief, because the wage claimant would have little to gain except delay. Moreover, an employer would have a large incentive to delay DOL proceedings as long as possible.

 We conclude that DOL proceedings are a form of quasi-judicial relief; therefore, filing a statutory wage claim with DOL equitably tolls the statute of limitations if the other requirements of that doctrine are established.[6] We remand this case for resolution of the factual questions regarding employer notice and prejudice.[7]

The decision of the superior court is REVERSED and the case is REMANDED for further proceedings.

---

6. Even if the filing of a wage claim with DOL equitably tolls the statute of limitations, Temsco maintains that the summary judgment should be affirmed on the ground that the employees failed to exercise due diligence as a matter of law because they failed to file suit immediately after DOL declined to take further action on the wage claims. However, an employee is entitled to the benefit of the full statutory period after the circumstances which justify equitable tolling abate. *Gudenau*, 736 P.2d at 769 n. 8. Therefore, the wage claims are not barred because

they were filed within two years after DOL closed its files.

7. On remand, the superior court should consider the question whether the claimants' delay prejudiced employer in light of the notice provided the employer by the agency proceeding. Thus, if evidence available when the employer first learned of the claims is no longer available, and the employer could have obtained or preserved the evidence, the current unavailability of the evidence will not support a finding of employer prejudice.