Guy W. DAYHOFF, Appellant,

v.

TEMSCO HELICOPTERS,
INC., Appellee.

No. S-4477.

Supreme Court of Alaska.

March 26, 1993.

Kevin G. Clarkson and Carol L. Giles, Perkins Coie, Anchorage, for appellant.

H. Clay Keene, Keene & Currall, Ketchikan, Alaska, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case involves claims made by Guy W. Dayhoff against Temsco Helicopter Pilots, Inc. (Temsco), for unpaid prevailing wages and overtime wages. Dayhoff appeals from the Summary Judgment dismissing his claims. We affirm in part and reverse in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is the second time this case has been before this court. *See Dayhoff v. Temsco Helicopters, Inc.*, 772 P.2d 1085 (Alaska 1989). Dayhoff was employed by Temsco as a helicopter pilot at various times during 1982 and 1983. *Id.* at 1086. After leaving

Temsco, Dayhoff initiated proceedings with the Alaska Department of Labor (DOL) claiming that he had been undercompensated. DOL investigated but did not pursue an enforcement action. *Id.* Thereafter, Dayhoff filed a complaint in superior court to recover wages. In April 1987 Superior Court Judge Thomas M. Jahnke ruled that Dayhoff's claims were barred by the statute of limitations. This court reversed and remanded the case for further proceedings. *Id.* at 1088. Superior Court Judge Thomas E. Schulz then granted Temsco's motion for summary judgment, again dismissing Dayhoff's claims.

Dayhoff's claims are based on two statutes, the Alaska Wage and Hour Act (AWHA), AS 23.10.050–.150, and the Alaska Little Davis–Bacon Act (ALDBA), AS 36.05. AWHA establishes a minimum wage, maximum workweek and overtime compensation. ALDBA assures that employees engaged in public construction receive the prevailing wage. The superior court determined that AWHA cannot be a basis of recovery because 1) AWHA is preempted by the Federal Aviation Act (FAA), 2) AWHA violates the Commerce Clause of the United States Constitution, and 3) Dayhoff is an exempt professional under AWHA. The court also held that ALDBA cannot be a basis of recovery because 1) there is no private right of action under ALDBA, and 2) Dayhoff is not protected by ALDBA because he is not a laborer or mechanic.

## II. STANDARD OF REVIEW

■ The standard of review applicable to summary judgments is de novo. *Farmer v. State*, 788 P.2d 43, 46 n. 8 (Alaska 1990). Specifically, "summary judgment is affirmed if the evidence in the record fails to disclose a genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Dayhoff v. Temsco Helicopters, Inc.*, 772 P.2d 1085, 1086 (Alaska 1989). "All reasonable inferences of fact are drawn in favor of the nonmoving party and against the moving party." *Id.* "On questions of law, this court is not bound by the lower court's

decision.... Our duty is to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

## III. DISCUSSION

### A. DAYHOFF HAS A CAUSE OF ACTION UNDER AWHA

#### 1. AWHA is not preempted by FAA.

■ To determine whether a federal statute preempts state law the sole task of the court is to ascertain the intent of Congress. *California Fed. Savings & Loan Ass'n v. Guerra*, 479 U.S. 272, 280, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987); *Webster v. Bechtel*, 621 P.2d 890, 896–97 (Alaska 1980). Federal law can preempt state law in three ways: explicitly, if Congress declares that state law is preempted; implicitly, if Congress enacts comprehensive laws that leave no room for additional state regulation; or if state law actually conflicts with Federal law. *Guerra*, 479 U.S. at 280–81, 107 S.Ct. at 689.

■ Employment laws, including wage laws, are a local concern traditionally within states' police powers. *Webster*, 621 P.2d at 898. Accordingly, there is an assumption that the historic powers of states are not superseded unless there is a clear and manifest purpose of Congress to preempt the state law. *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1416 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 2956, 119 L.Ed.2d 578 (1992). "The principle to be derived from Supreme Court decisions is that federal regulations should not preempt state regulations in absence of persuasive reasons." *Webster*, 621 P.2d at 898 (quoting *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157–58, 98 S.Ct. 988, 994–95, 55 L.Ed.2d 179 (1978)).

Temsco does not claim FAA expressly preempts state wage laws. The superior court concluded that FAA implicitly preempts state law as it fully occupies the field of aviation, leaving no room for states to regulate activities that impact aviation. The court also determined "the overtime incentive of the AWHA is directly in conflict with the pilot duty and flight time

provisions of applicable federal regulations."

Dayhoff asserts that FAA and Federal Aviation Regulations (FAR) regulate most areas of aviation but do not address compensation. Since compensation is not mentioned by FAA, it is not comprehensively regulated. FAA does regulate hours of pilots, 14 CFR §§ 135.261–.271 (1992), but flight time limitations are designed to promote flight safety. They are not intended to be wage regulations.

Temsco argues the federal government has comprehensively occupied the entire field of aviation including wages and compensation leaving no room for state regulation. Temsco characterizes AWHA as a maximum hour law, since it declares that an employer "may not employ an employee for a workweek longer than 40 hours or for more than eight hours a day." AS 23.10.-060(a). Temsco asserts that this statute is preempted if applied to pilots who are subject to FAA maximum hour regulations which provide both mandatory rest periods and maximum flight hours. 14 CFR § 127.191 (1992).

■ We find that the superior court erred in concluding that FAA preempted AWHA. AWHA does not regulate maximum hours, rather it provides for mandatory overtime compensation. *Webster,* 621 P.2d at 900. FAA exclusively occupies most areas of aviation, but does not regulate compensation of pilots. As there is no clear and manifest purpose to comprehensively regulate the field, FAA does not preempt state wage law.

■ The superior court was also mistaken in concluding that AWHA directly conflicts with FAA. There is an actual conflict " 'where compliance with both federal and state regulations is a physical impossibility ...' or where the state 'law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 158, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978) (quoting *Florida Lime*

*& Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1229, 10 L.Ed.2d 248 (1963) and *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)). Neither party argues that it is a practical impossibility to comply with both laws. Dayhoff argues the mandatory overtime required by AWHA is not an obstacle, but actually complements FAA safety regulations by giving employers incentives to limit overtime.

Temsco argues that AWHA conflicts with FAA because it is an obstacle to accomplishing federal objectives. Federal law mandates maximum flight hours and mandatory rest periods. 14 CFR § 127.191 (1992). Temsco claims that AWHA creates incentives to keep shorter hours. This puts pressure on employers to keep rest time to the absolute minimum and fly whenever possible, even if safety is compromised. The financial pressures created by AWHA directly conflict with the safety objectives of FAA.

■ We conclude that mandatory overtime compensation does not directly conflict with FAA safety regulations. An employer's economic considerations may often create conflicting pressures with safety regulations. Compensating employees for their overtime may make it more expensive to follow FAA regulations. However, this does not actually conflict with the regulations. Therefore, FAA safety regulations do not preempt AWHA mandatory overtime compensation provisions.

2. AWHA does not violate the Commerce Clause of the United States Constitution.

■ The Commerce Clause states that "[c]ongress shall have power ... to regulate commerce with foreign nations, and among the several states...." U.S. Const. art. I, § 8. Regulations which affect interstate commerce are judged by two standards. Regulations which discriminate against out-of-state commerce are judged under a strict scrutiny standard.[1] When

---

**1.** If a state law is in reality simple economic protectionism, a virtual per se rule of invalidity applies. *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 471, 101 S.Ct. 715, 727–28, 66

the regulation does not so discriminate, the court balances the benefit of the state regulation against the burden on interstate commerce. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 472, 101 S.Ct. 715, 728, 66 L.Ed.2d 659 (1981). The state regulation is valid unless "the incidental burden imposed is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). As AWHA applies equally and does not discriminate against out-of-state employers, we apply the balancing test.

■ Dayhoff argues the superior court erred by concluding AWHA imposes an undue burden on interstate commerce. The only burden the court identified was that Temsco would be required to maintain separate records for Alaska employees. On the other hand, the purpose of AWHA is to "establish minimum wage and overtime compensation standards for workers at levels consistent with their health, efficiency, and general well-being...." AS 23.10.050. This is a traditional area of state police power and the state has a strong interest in the area. *Webster*, 621 P.2d at 898. Dayhoff claims the burden of keeping separate records for employees who work within the state is not excessive when balanced with the strong state interest of assuring that its citizens receive adequate compensation.

Temsco contends that applying AWHA to helicopter pilots of an interstate company would create statewide systems as opposed to a national system of air commerce. Temsco relies upon *Southern Pacific Co. v. Arizona*, 325 U.S. 761, 65 S.Ct. 1515, 89 L.Ed. 1915 (1945), which found a state law limiting the maximum number of cars on trains invalid. Temsco argues that differing record keeping requirements would be as disruptive to air commerce as differing train length requirements was to rail commerce.

Temsco's reliance on *Southern Pacific Co.* is misplaced. The Supreme Court in *Southern Pacific Co.* found the state's interest in limiting train size unimportant. It relied on the trial court's finding that shorter trains were no safer than the longer trains prohibited by the Arizona statute. *Id.* at 779, 65 S.Ct. at 1525. The Court thus concluded that the statute, "admittedly obstructive to interstate train operation, and having a seriously adverse effect on transportation efficiency, passes beyond what is plainly essential for safety since it does not appear that it will lessen rather than increase the danger of accident." *Id.* at 781–82, 65 S.Ct. at 1526.

In the present case the State of Alaska has a strong interest in protecting the health, efficiency and general well-being of its work force. The incidental burden on interstate commerce of keeping records is not excessive and does not outweigh the state's valid interest. AWHA does not violate the Commerce Clause.

3. Dayhoff is not exempt from AWHA as a professional.

■ AWHA exempts "an individual employed in a bona fide professional capacity...." AS 23.10.055(9). The test for exemption as a professional employee is derived from 8 AAC 15.910(a)(11). The four part test requires a finding that 1) the employee's primary duty is to perform work requiring knowledge of advanced type, 2) the work requires consistent exercise of discretion, 3) the work must be predominantly intellectual and varied, and 4) the work must be compensated on a fee basis.

■ AWHA is based upon the Fair Labor Standards Act (FLSA) and federal interpretations of FLSA are relevant in interpreting AWHA. *McGinnis v. Stevens*, 543 P.2d 1221, 1238–39 (Alaska 1975), *appeal after remand*, 570 P.2d 735 (Alaska 1977). Under federal law, the employer has the

L.Ed.2d 659 (1981). *See also, Philadelphia v. New Jersey*, 437 U.S. 617, 98 S.Ct. 2531, 57 L.Ed.2d 475 (1978) (invalidating statute prohibiting the importation of solid waste because of discriminatory effect); *Hunt v. Washington Ap-*

*ple Advertising Comm'n*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) (invalidating additional costs imposed on Washington, but not North Carolina apple shippers because of discriminatory purpose).

burden to prove the exemption is applicable. *Reeves v. International Tel. & Tel. Corp.*, 357 F.Supp. 295, 298 (W.D.La.1973), *aff'd*, 616 F.2d 1342 (5th Cir.1980), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981). "Exemptions are to be narrowly construed against the employer." *Id.* at 297. "If there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee should be ruled non-exempt." *Adam v. United States*, 26 Cl.Ct. 782, 786 (Cl.Ct.1992). All four elements must be met before an employee is found exempt. *Id.*

The parties agree that Dayhoff was a salaried employee, compensated on a fee basis. The parties dispute the level of education required of Dayhoff, what Dayhoff's primary duty was, how to characterize the discretion exercised by Dayhoff, and if the character of work was intellectual or physical.

Dayhoff claims the knowledge required to become a commercial pilot is not the type of advanced learning needed to qualify as a professional. Dayhoff also claims his primary duty was not professional because approximately 62% of his time was spent performing non-aviation duties. Even while flying, Dayhoff had no discretion as his actions were controlled by superiors. The only discretion and judgment exercised was in the physical operation of the aircraft.

Temsco argues that Dayhoff's primary duty was to be a pilot. He was hired as a pilot and his time was spent flying or waiting to fly. Temsco contends that being a commercial helicopter pilot requires knowledge of an advanced type. Further, Temsco argues that a commercial helicopter pilot is required to consistently exercise discretion and judgment.

■■■■■■ The applicability of exemptions are questions of fact to be determined considering the individual's duties and other qualifications, and not upon how the employer classified the employee. *Reeves*, 357 F.Supp. at 302–03. A trial court must make a finding of fact in determining an employee's status. *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226, 1228 (5th Cir.

1990). While both parties moved for summary judgment on this issue, we first review the grant of summary judgment in favor of Temsco. We must view the facts in a light most favorable to Dayhoff. Dayhoff was primarily self-educated. He claims that for approximately 62% of his time he performed non-aviation duties. Dayhoff had no significant authority to control decisions regarding flight assignments or routes. The only discretion Dayhoff exercised was in the physical operation of his aircraft. Viewing the facts in the light most favorable to Dayhoff, Temsco does not meet the burden of showing that the exemption is applicable. Dayhoff can, at most, be classified as a highly trained technician and not as a professional.

Next we review the denial of Dayhoff's motion for summary judgment. For this purpose we view the facts in the light most favorable to Temsco. It is undisputed that Dayhoff obtained his commercial helicopter license through self study and obtained his flight instructor certificate after only ten hours of formal instruction. This is not the type of advanced study required to classify an employee as a professional. Further, the discretion exercised by Dayhoff in flying a helicopter is not the type of discretion which characterizes a person as a professional for purposes of this exemption.

On the basis of the foregoing we conclude that the FAA does not preempt the AWHA, that the AWHA is not violative of the commerce clause, and that Dayhoff is not a professional for purposes of the AWHA exemption.

## B. DAYHOFF DOES NOT HAVE A CAUSE OF ACTION UNDER THE ALASKA LITTLE DAVIS–BACON ACT (ALDBA).

### 1. ALDBA provides a private cause of action.

ALDBA was modeled after the Davis-Bacon Act, 40 U.S.C. § 276 (1988). ALDBA stipulates that a contractor or subcontractor on a public construction contract must pay its employees the prevailing

wage rate for similar work performed in a similar region. AS 36.05.010. The superior court concluded that a predetermination of ALDBA applicability is necessary before there can be a private right of action against the contractor. The court relied upon *Universities Research Ass'n. v. Coutu*, 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981), which held no private right of action exists where there has been an administrative determination that Davis–Bacon does not apply.

In *Coutu*, Universities Research Association made a contract with the Atomic Energy Commission (AEC) to provide scientific and management services in connection with the construction of the Fermi National Accelerator Laboratory. The contract expressly stated that it was not contemplated that Universities Research Association would use its own employees to perform work that the AEC determined to be subject to the Act. *Coutu*, 450 U.S. at 762, 101 S.Ct. at 1457. The Court concluded Davis–Bacon did not confer a private right of action for back wages under a contract that administratively has been determined not to call for Davis–Bacon work. *Id.* at 767–68, 101 S.Ct. at 1459–60.

The superior court was persuaded by the rationale of *Coutu*, which emphasized the importance of giving certainty in construction bids. The superior court extended the rationale of *Coutu* by determining that no private cause of action would exist, not only when a predetermination of non-applicability has been made, but also when there has been no determination at all.

Dayhoff argues that even if the court accepts the holding in *Coutu*, there is good reason not to extend the rationale to this case. Dayhoff asserts ALDBA's fundamental purpose is to benefit employees by assuring that those engaged in public construction receive at least the prevailing wage. *City and Borough of Sitka v. Construction and General Laborers Local*

*942*, 644 P.2d 227, 232 (Alaska 1982). *Coutu* limited employee rights by requiring an employee to appeal the administrative determination that Davis–Bacon did not apply. By extending the ruling to cases where no determination has been made, the employee is left without a remedy. In this case, Dayhoff argues, he could not have made an administrative appeal because no administrative ruling had been made.

Dayhoff points out that in this case there is no question the primary contract was subject to ALDBA. He argues that the intent of the statute, which is to protect employees on public construction projects, would be frustrated by denying his claim.

Temsco argues that while this court has not ruled on the availability of a private right of action under ALDBA, federal courts have construed the Davis–Bacon act as not providing a private cause of action. The United States Court of Appeals for the Fifth Circuit has decided that "neither the language, the history, nor the structure of the statute supports the implication of a private right of action...." *United States ex rel. Glynn v. Capeletti Brothers, Inc.*, 621 F.2d 1309, 1317 (5th Cir.1980).

Temsco argues that the trend and the rationale of the federal courts, limiting employees to administrative remedies, should be adopted.[2] Temsco concludes that the administrative remedy provided by the Act is sufficient to protect employee rights.

In *City and Borough of Sitka*, 644 P.2d at 234 n. 14, this court expressly left open the question whether a private right of action to recover back wages is authorized under ALDBA. We noted the United States Supreme Court's decision in *Coutu*, but did not decide what impact, if any, it should have on ALDBA. *Id.*

This case is fundamentally different from *Coutu*. In *Coutu* the government contract specifically was for non Davis–Bacon work. In the present case

**2.** While there may be a trend, federal circuits are split. The Seventh Circuit concluded "that implying a private right of action in Davis–Bacon Act is necessary to effectuate the intention of Congress...." *McDaniel v. University of Chicago*, 548 F.2d 689, 695 (7th Cir.1977). And recently in *Norling v. Valley Contracting and Pre–Mix*, 773 F.Supp. 186, 189 (D.N.D.1991), the court held "a private cause of action exists under the Davis–Bacon Act when the ... express protections provided by the Act are unavailable."

**1374**

there is no question the prime contract was subject to ALDBA. DOL investigated Dayhoff's claim, made no formal determination, and advised Dayhoff to pursue a civil action. To determine if the legislature intended to create a private right of action, the court should look at the language and focus of the statute, its legislative history, and its purpose. *Coutu,* 450 U.S. at 770, 101 S.Ct. at 1461. The purpose of ALDBA is to protect employees engaged in public construction from substandard earnings. *City and Borough of Sitka,* 644 P.2d at 232 n. 11. When the prime contract is subject to ALDBA, DOL investigates, and DOL suggests that the employee file a civil suit; the only way for the court to follow the intent of the legislature is to allow a private cause of action.

2. Dayhoff is not a member of the class of workers protected by ALDBA.

ALDBA protects mechanics, laborers or field surveyors by requiring contractors to pay the prevailing wage. AS 36.05.070. In its pamphlet entitled "Laborers' and Mechanics' Minimum Rates of Pay," DOL includes helicopter pilots/transporters as power equipment operators. The superior court decided helicopter pilots are not within the normal meaning of Laborers or Mechanics. The superior court determined that the DOL pamphlet, providing minimum rates for helicopter pilots, is inconsistent with the statute. We agree.

ALDBA protects mechanics, laborers or field surveyors. The legislature has described an employee fitting these job descriptions as "a person who engages in work that is basically physical or unskilled in nature; or who engages in work, requiring the use of tools or machines that basically consists of the shaping and working of materials into some type of structure, machine, or other object; ...." AS 36.95.-010(2). Helicopter pilots do not fit the definition of laborers or mechanics and are thus not part of the class protected by ALDBA.

The dismissal of Dayhoff's AWHA claim is REVERSED.

The dismissal of Dayhoff's ALDBA claim is AFFIRMED.

AFFIRMED in part and REVERSED in part.