AMERICAN RESTAURANT GROUP,
d/b/a Cattle Company Restaurant,
Appellant,

v.

Steven L. CLARK and Robert
Lilley, Appellees.

No. S–5545.

Supreme Court of Alaska.

Feb. 10, 1995.

Douglas B. Baily and Kirsten Tinglum, Ashburn & Mason, Anchorage, for appellant.

Glen D. Mark, Portland, OR, for appellees.

Before MOORE, C.J., and RABINOWITZ, COMPTON, JJ., and BRYNER, J. pro tem.*

RABINOWITZ, Justice.

This appeal involves the propriety of the superior court's grants of partial summary judgment in favor of Steven Clark and Robert Lilley on their respective claims for overtime pay against their former employer American Restaurant Group d/b/a Cattle Company Restaurant. The primary question presented for resolution in this appeal is whether a genuine issue of material fact exists as to whether or not Clark and Lilley, as bona fide executives, were exempt from the overtime pay provisions of the Alaska Wage and Hour Act. Because there was sufficient evidence in the record before the superior court to create a material factual dispute, we hold that summary judgment was improper and we therefore reverse.

I. *FACTS AND PROCEEDINGS*

Steven Clark formerly held the position of general manager of the Cattle Company Restaurant in Anchorage which is owned by the American Restaurant Group (ARG). Robert Lilley formerly held the position of assistant manager of the same restaurant. Clark and Lilley each received substantial salaries as well as incentive bonuses. It is undisputed that Clark and Lilley frequently worked more than forty hours per week, for which

* Sitting by assignment made pursuant to article    IV, section 16 of the Alaska Constitution.

they were not paid overtime wages beyond their salaries and bonuses.

After leaving their employment with ARG, Clark and Lilley filed separate law suits against ARG for overtime pay, liquidated damages, interest, and attorney's fees under the Alaska Wage and Hour Act (Act), AS 23.10.050–.150, and the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1988). Clark's and Lilley's actions were subsequently consolidated and the superior court thereafter entered partial summary judgment in favor of both Clark and Lilley on the basis that they were not bona fide executives during their employment with ARG and therefore were covered by the overtime pay provisions of the Alaska Wage and Hour Act (i.e., that ARG was obligated to pay Clark and Lilley overtime compensation under the Act).[1] This appeal followed.

## II. DISCUSSION [2]

Alaska Statute 23.10.060 governs payment of overtime. Alaska Statute 23.10.055 provides, in part, that AS 23.10.060 does not apply to

(9) an individual employed in a bona fide executive, administrative or professional capacity. . . .

1. The parties stipulated to the amount of damages Clark and Lilley are entitled to recover. No issues regarding Clark and Lilley's respective Fair Labor Standards Act claim are involved in this appeal.

2. "When reviewing a grant of summary judgment, the court must determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment on the law applicable to the established facts." *Wright v. State*, 824 P.2d 718, 720 (Alaska 1992).

3. Former 8 AAC 15.910(a)(1) (1991) defined an "administrative employee" as an employee
   (A) whose primary duty consists of work directly related to management policies or supervising the general business operations of his employer;
   (B) who customarily and regularly exercises discretion and independent judgment;
   (C) who performs his work under only general supervision;
   (D) who is paid on a salary or fee basis;
   (E) who regularly and directly assists a proprietor or an exempt executive employee of the employer; and

The applicable regulations in force throughout the period of Clark's and Lilley's employment with ARG defined an "executive employee" as an employee

(A) whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized branch, department, or subdivision of the enterprise;

(B) who customarily and regularly directs the work of two or more other employees;

(C) who has the authority to hire or fire or effect any other change of status of other employees or whose suggestions or recommendations regarding these kinds of changes are given particular weight;

(D) who customarily and regularly exercises discretionary authority;

**(E) who does not devote more than 20 percent of his weekly hours to activities which are not directly and closely related to the work described in this paragraph or paragraphs (1) or (11) of this section;** and

(F) who is compensated on a salary basis

. . . .

Former 8 Alaska Administrative Code (AAC) 15.910(a)(7) (1991) (emphasis added).[3]

(F) who performs work along specialized or technical lines requiring special training, experience or knowledge and does not devote more than 20 percent of his weekly hours to activities which are not described in this paragraph or paragraphs (7) or (11) of this section. . . . 8 AAC 15.910(a)(11) (1991) defines "professional employee" as an employee
   (A) whose primary duty is
   (i) to perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education or from an apprenticeship or from training in the performance of routine mental, manual, or physical processes, or
   (ii) to perform work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

█ ARG claims that the record demonstrates the existence of genuine issues of material fact as to whether Clark and Lilley were bona fide "executive employees," exempt from the overtime pay provision of the Act. Thus, the dispositive question in this appeal is whether the record discloses the existence of a genuine issue of material fact as to whether Clark and Lilley devoted more than twenty percent of their weekly activities to performing tasks which were not "directly and closely related" to their executive (managerial) duties.

We conclude that the superior court erred in granting partial summary judgment in favor of both Clark and Lilley for two reasons. First, review of the record shows that a genuine issue of material fact exists as to the percentages of time Clark and Lilley spent performing tasks which were not directly and closely related to their executive-managerial duties. Second, we further conclude that whether the performance by Clark and Lilley of tasks which were otherwise performed by hourly employees were directly and closely related to Clark's and Lilley's management duties necessarily presents factual questions which, on this record, are not appropriately resolved by summary judgment.

Clark and Lilley claim that they spent more than forty percent of their weekly work hours performing duties not directly and closely related to their management duties. They based this claim upon their performance of "many of the exact same tasks ... performed by the hourly employees they supervised."[4] In contrast, ARG's District Manager, Ron Englund, in his deposition testimony stated that ARG managers such as Clark and Lilley spent **less than ten percent** of their time "performing tasks that are performed by the hourly employees[.]"

We construe this evidence in the light most favorable to the non-movant, ARG. *Wright v. State*, 824 P.2d 718, 720 (Alaska 1992). Because Clark's and Lilley's claims for overtime rely entirely upon their performance of tasks otherwise performed by hourly employees, we hold that Englund's deposition testimony creates a genuine issue of material fact as to the percentage of their work week that Clark and Lilley spent performing tasks which were not directly and closely related to their executive duties at ARG.

█ Clark and Lilley assert that even though the relevant testimony by Englund is part of the record, it should not be considered because it is found only in memoranda submitted by Clark and Lilley. We disagree, and conclude that Englund's deposition testimony should be considered in determining whether a genuine issue of material fact exists.

Alaska Civil Rule 56(c) states, in part:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law....

(iii) to teach, tutor, instruct, or lecture in the activity of imparting knowledge, and who is employed and engaged in this activity as a teacher certified or recognized as such in a school or other educational establishment or institution; and
(B) whose work
(i) requires the consistent exercise of discretion and judgment in its performance,
(ii) is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the result accomplished cannot be standardized on a time basis, and
(iii) is compensated on a salary or fee basis....

4. Specifically, Clark and Lilley allege that over forty percent of their time was spent doing "podium work," bussing tables, cleaning bathrooms, and substituting for absent employees. While doing podium work the manager on duty works with a non-salaried hostess greeting and seating customers, taking reservations, quoting waiting times, picking up menus, and policing the dining room.

Additionally, Clark and Lilley note that they provided assistance to bartenders at the restaurant. In the evening, Clark would assist the bartenders by washing glasses, covering for the bartender so that he or she could take a break, getting ice, checking identification, and performing head counts. Lilley also helped the bartenders by washing glasses, taking drink orders, serving drinks, getting ice, checking identification, and relieving the disc jockey.

Under Rule 56, even if ARG failed to bring the relevant deposition testimony of Englund to the superior court's particular attention, it did not relieve the superior court of its obligation to examine the record before determining that no genuine issue of material fact existed. As we noted in a case in which the non-movant had neither filed a statement of genuine issues of material fact nor raised the disputed factual issue in its memorandum in opposition to the summary judgment:

Rule 56(c) is merely permissive. It remains the duty of the trial court to determine whether the record presents any factual issues which would preclude the entry of summary judgment as a matter of law. Here the trial court record included affidavits which clearly showed the factual dispute. Since the factual dispute was fairly presented to the trial court, the issue may be raised on appeal.

*Drake v. Hosley,* 713 P.2d 1203, 1206 n. 2 (Alaska 1986) (citations omitted); *see also Bowers v. Alaska State Employees Fed. Credit Union,* 670 P.2d 1145, 1146–47 & n. 3 (Alaska 1983); *Jennings v. State,* 566 P.2d 1304, 1310 (Alaska 1977).

Therefore, the superior court was obliged to consider Englund's testimony that managers such as Clark and Lilley spent less than ten percent of their time performing tasks otherwise performed by hourly employees. Viewing this testimony in the light most favorable to ARG, a genuine issue of material fact exists as to whether Clark and Lilley spent more than twenty percent of their time on duties not directly and closely related to management of the restaurant.

Further, we conclude that entry of the partial summary judgments was improper on an additional ground. There is a genuine issue of material fact as to whether Clark and Lilley were "professional employees" as defined in 8 AAC 15.910(a)(11). *See Dayhoff v. Temsco Helicopters, Inc.,* 848 P.2d 1367 (Alaska 1993).[5] In *Dayhoff,* a helicopter pilot brought a similar action for overtime wages against his employer. *Id.* at 1368. The employer argued that the pilot was exempt from the Act, because he was a "professional employee." We reversed the superior court's grant of summary judgment in favor of the employer, holding that

[t]he applicability of exemptions [under the Act] are questions of fact to be determined considering the individual's duties and other qualifications, and not upon how the employer classified the employee. *A trial court must make a finding of fact in determining an employee's status.*

*Id.* at 1372 (emphasis added) (citations omitted). In this case, ARG claims that the podium work which Clark and Lilley heavily rely on as non-exempt work was closely and directly related to Clark and Lilley's respective management duties.[6] Whether such ac-

5. Based upon 8 AAC 15.910(a)(11), this court derived a four-part test for exemption as a professional. *Dayhoff,* 848 P.2d at 1371. To be exempt, the superior court must find that
  1) the employee's primary duty is to perform work requiring knowledge of advanced type,
  2) the work requires consistent exercise of discretion,
  3) the work must be predominantly intellectual and varied, and
  4) the work must be compensated on a fee basis.
  *Id.*

6. In this regard, Englund testified as follows: [T]he management style that I like to see my managers work is participative, hands-on, and involved in the operation. It's a good point of reference to manage from.... I think that's what the consumer wants to see when they come into your restaurant, that the manager is visible.
  The restaurant management job isn't sitting in the office administrating. There's certainly a certain amount of time that's spent administering the business, but during peak hours of operation, they should be visible to the guests and to the employees so the employees can see that they're being supervised as well.
  ....
  I think anybody works a little bit better when they know they're being watched and notice [sic] what they're doing. I think particularly with our unit staff employees, bussers, food servers, bartenders, when they're serving the public, I think the manager there working with them, showing care and concern for customers, only enhances how the employees treat their customers as well.
  Englund also stated,
  [B]eing in the restaurant business, you know, the managers work the podium, which is as a host, as a manager host, with another hostess or host, you know, during peak hours, during lunch and dinner, but they're there as a manager and not as a host. I mean, they're there to greet guests as a manager.... It's the point

tivities were or were not closely and directly related to Clark's and Lilley's management duties is a question of fact, and therefore as in *Dayhoff*, 848 P.2d at 1372, entry of partial summary judgments was inappropriate. *See also Donovan v. Burger King Corp.*, 672 F.2d 221 (1st Cir.1982) (reviewing trial court's factual findings regarding whether restaurant assistant manager spent more than forty percent of time on activities not closely related to management duties under the Federal Fair Labor Standards Act for clear error); *Richter v. Barrett*, 173 F.2d 320, 324 (3d Cir.1949) (holding that whether employee was exempt from Federal Fair Labor Standards Act as an executive employee was a question of fact); *Marshall v. Burger King Corp.*, 504 F.Supp. 404, 410–11 (E.D.N.Y. 1980) (entering findings after trial regarding whether performing same work as hourly employees was directly and closely related to executive functions under the Federal Fair Labor Standards Act), *amended by*, 509 F.Supp. 353 (E.D.N.Y.1981), *aff'd sub nom. Donovan v. Burger King Corp.*, 675 F.2d 516 (2d Cir.1982); *cf. Cote v. Burroughs Wellcome Co.*, 558 F.Supp. 883, 886–87 (E.D.Pa. 1982) (holding that where there was no factual dispute as to "the basic job description and responsibilities," summary judgment on Federal Fair Labor Standards Act claim was appropriate).

In short, we hold that the question of the nature of the activities performed by Clark and Lilley should be decided by the trier of fact. In resolving this issue the trier of fact will be called upon to apply the criteria of 8 AAC 15.910(a)(7) to determine whether or not Clark and Lilley devoted more than 20 percent of their weekly hours to activities which were not directly and closely related to the work "described in this paragraph [8 AAC 15.910(a)(7) ] or paragraphs (1) and (11) of this section[.]"[7] When applying these criteria, the trier of fact should further consider the nature of the employer's business and the

that they manage the restaurant from; where the employees, customers, know where that manager is.
They're not tied into any one position, but they're there to supervise the food service from that point....

role of management in the particular business.

## III. CONCLUSION

We therefore REVERSE the superior court's entry of partial summary judgment in favor of Clark and Lilley and REMAND for further proceedings.

7. *See supra* note 3 and accompanying text for the texts of 8 AAC 15.910(a)(1), (7), and (11).