Jacob J. WALKER and Annie F. Walker, Appellants,

v.

William A. WHITE and Catherine P. White, Appellees.

No. 4574.

Supreme Court of Alaska.

Oct. 24, 1980.

---

Frederic E. Brown, Fairbanks, for appellants.

Peter J. Aschenbrenner, Aschenbrenner & Savell, Fairbanks, for appellees.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

RABINOWITZ, Chief Justice.

Jacob and Annie Walker appeal from the superior court's entry of an injunction against their attempted foreclosure, pursuant to a deed of trust, against property they sold to William and Catherine White, and from the superior court's dismissal of their counterclaim seeking judgment on a promissory note executed by the Whites. The Walkers contend that the court erred in granting summary judgment. We affirm in part and reverse in part.

In July 1964, the Walkers conveyed to the Whites by warranty deed title to real property located in Fairbanks. One year later, the Whites executed a promissory note to the Walkers for $6,992.81. Simultaneously, the Whites executed a deed of trust, naming the Walkers as beneficiaries. The parties differ as to the exact date that the Whites ceased making payments on the note, but agree that it was in 1969. The Whites' cessation was apparently prompted by their discovery that the house on their land encroached on another lot, contrary, they claim, to the Walkers' representations.

On January 5, 1978, the trustee under the deed of trust recorded a notice of default and election to sell. The sale, originally scheduled for April, was rescheduled for October 21. On October 5, the Whites filed the instant action to enjoin it. They contended that the foreclosure was barred by the six–year statute of limitations pertaining to actions upon a contract or liability, express or implied, AS 09.10.050, and that the Walkers were barred from collecting on the note until they cured their breaches of warranty.

In their answer to the complaint, the Walkers argued with regard to the statute of limitations claim that the Whites had acknowledged the debt within six years of the attempted foreclosure, and with regard to the warranty claim that the Whites knew of the problems with the property. They also counterclaimed, requesting judgment on the note in the event their deed of trust remedy should be held time–barred.

The Whites moved for summary judgment, and after hearing oral argument on the motion, the superior court issued an opinion granting the Whites' motion. It based its decision on the statute of limitations, and did not reach the warranty claim.

The Walkers then moved for reconsideration, upon the grounds that the court failed to consider evidence that it should have taken into account, and that it incorrectly interpreted the relevant statutes. The motion was denied and this appeal followed.

■ Before this court, the Walkers contend that the superior court erred in not considering three letters written to them which, they argue, established the Whites' acknowledgment of the subject debt: a 1975 letter from William White, a 1973 letter from Catherine White, and a 1978 letter from an attorney purportedly representing Catherine. The superior court refused to consider them because of its belief that they were not submitted in compliance with Alaska Rule of Civil Procedure 56(e).[1] The letters were filed with the superior court, in response to the Whites' request for production made two months earlier, at 3:38 p. m. on January 29, 1979, only seventeen hours before oral argument on the summary judgment motion.

The Walkers rely on *Jennings v. State,* 566 P.2d 1304 (Alaska 1977), where we said:

The formal issues framed by the pleadings are not controlling on a motion for summary judgment; the court must consider the issues presented by the other material offered by the parties on the motion to determine whether the Rule 56 request should be granted. Thus the court will examine the pleadings to ascertain what issues of fact they present and then consider the affidavits, depositions, admissions, answers to interrogatories and similar material to determine whether any of these issues are real and genuine and whether any of the post–pleading material suggests the existence of any other triable genuine issues of material fact. The parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion. Given this process, the court is obliged to take account of the entire setting of the case on a Rule 56 motion.

*Id.* at 1310, *quoting* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2721, at 475–76 (1973) (footnotes omitted).[2] We agree that *Jennings* is controlling here, and conclude that the letters were properly before the superior court in connection with the summary judgment motion.[3]

We therefore must consider whether the letters constitute an acknowledgment of the debt sufficient to remove the bar of the statute of limitations. The controlling provision on this question is AS 09.10.200, which provides, in relevant part:

*Acknowledgment or promise.* No acknowledgment or promise is sufficient evidence of a new or continuing contract to take the case out of the operation of this chapter [AS 09.10, defining limitations on various types of actions] unless the acknowledgment or promise is contained in writing, signed by the party to be charged, and, as to instruments affecting real estate, acknowledged and recorded in the office of the recorder of the district where the original contract was filed or recorded.

---

1. Alaska R.Civ.P. 56(e) reads:

    *Form of Affidavits–Further Testimony–Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

2. Alaska R.Civ.P. 56 is virtually identical to Fed.R.Civ.P. 56.

3. The Whites do not contest the Walkers' position on this procedural question.

**564**

Because the letters were not recorded, we agree with the Whites that they cannot revive any time–barred remedies based on the deed of trust, which is an "instrument affecting real estate" within the meaning of AS 09.10.200. The superior court reached the same conclusion in dictum in its opinion, and from our reading of the Walkers' briefs we believe they have conceded this point. Thus, we affirm the portion of the superior court's judgment enjoining the Walkers from seeking to enforce the deed of trust, and ordering them to request the trustee to reconvey the property at issue to the Whites.

However, we have concluded that the portion of the judgment prohibiting the Walkers from acting to enforce their promissory note against the Whites personally must be reversed. Although this note was executed in connection with the sale of real estate, it is a personal note, and therefore is not subject to the recordation requirement of AS 09.10.200. Construing the letters most favorably to the Walkers,[4] we are of the opinion that excerpts from the letters of both William and Catherine White constitute, as a matter of law, acknowledgments of the debt within the intendment of AS 09.10.200.[5]

The Whites contend that an acknowledgment under AS 09.10.200 must be "direct, unqualified and unconditioned." We cannot agree. The purpose of the statute of limitations is "to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses." *Byrne v. Ogle*, 488 P.2d 716, 718 (Alaska 1971). This purpose is not advanced by imposing rigorous requirements of formality on acknowledgments. Such requirements, in our opinion, would only heighten the statute's unfortunate effect of occasionally barring meritorious claims. *See* 1A A. Corbin, Corbin on Contracts § 223 (1963) (written promise or acknowledgment "may be sufficient even though it is informal and is in need of much explanatory evidence").

The judgment of the superior court is affirmed in part and reversed in part, and the case is remanded for further proceedings upon the Walkers' counterclaim based upon the subject promissory note.

BOOCHEVER, J., not participating.

---

4. In a motion for summary judgment, the trial court is required to draw all reasonable inferences in favor of the non–moving party and against the movant. *Alaska Rent–A–Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136, 1139 (Alaska 1974).

5. William White wrote, "I would like to get things together and settle up with you in full. Or monthly or how ever." Catherine White's letter refers to "the debt owed herein," and calls her advice to the Walkers on how they might collect that debt "my last opportunity to try to help make it right." We observe that the note signed by the Whites made them jointly and severally liable to the Walkers, so that the Walkers need only show acknowledgment by either Mr. or Mrs. White, or both.