**Gerald L. BOWERS, and Bowers Office Products, Inc., Appellants,**

v.

**ALASKA STATE EMPLOYEES FEDERAL CREDIT UNION and North Pole Collection, Inc., Appellees.**

**No. 7065.**

Supreme Court of Alaska.

Oct. 14, 1983.

imit the scope of the cause of action created by

Susan P. Behlke, Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Fairbanks, for appellants.

Ronald Noel, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellees.

AS 18.80.210.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and SHORTELL,* Superior Court Judge.

## OPINION

RABINOWITZ, Justice.

Gerald Bowers and Bowers Office Products, Inc. [Bowers] sued Alaska State Employees Federal Credit Union [Alaska Credit Union] and North Pole Collection, Inc. [North Pole] in district court for wrongful repossession of a van which was security for a loan made by Alaska Credit Union. Alaska Credit Union counterclaimed for the amount due on the loan and North Pole Collection counterclaimed for the value of its services in repossessing the 1976 cargo van. Alaska Credit Union and North Pole moved for summary judgment on Bowers' wrongful repossession claim. Bowers opposed the motion on the grounds that there was a factual issue as to whether he had been in default.

The note and security agreement provided for 36 monthly payments of $265.73, with payments due on the fourth day of each month.[1] The loan principal was $8,000; the last scheduled monthly installment in the amount of $265.73 was to fall due on February 4, 1980. On December 11, 1979, Alaska Credit Union sent Bowers notice that he was $536.51 in arrears on his loan, and requested payment of $538.96, a sum which included "late charges," by December 28, 1979. On January 11, 1980, Alaska Credit Union sent Bowers a letter accelerating the loan and demanding that the note be paid in full on or before January 25, 1980. The amount demanded was $1,091.58, including $1,075.04 in principal, plus interest and late charges. Bowers responded on January 15, 1980, with a payment of $265.73 and a statement that the amount due on the loan was disputed. Bowers' van was repossessed on January 29, 1980.

The motion for partial summary judgment as to the wrongful repossession claim was based upon Bowers' alleged failure to make timely payments on December 4, 1979, and January 4, 1980. Alaska Credit Union and North Pole argue that Bowers' response to one of their interrogatories establishes that Bowers defaulted on the loan, and that therefore Alaska Credit Union properly accelerated the payments under the note and security agreement. The summary judgment motion appears to be based exclusively upon the following interrogatory and response:

1. Is it your position that the loan at issue in this action was current (i.e. not in arrears) as of January 11, 1980?[2]

Answer: Yes, according to information available to me at the time and since I had cancelled checks on hand to substantiate my claim of three payments remaining to be paid by February I sent the December payment to the credit union on January 15, making the [ac]count current.

█ In opposition to the motion for summary judgment, Bowers asserted that there existed genuine factual issues concerning the following: whether Bowers was in default as to any payments on the promissory note on December 4, 1979; whether Bowers was in default on the note as of the date of receipt of the acceleration letter; and whether Bowers was in default on the date the van was repossessed. Apparently, as a result of attorney error, no exhibits were submitted in support of Bowers' opposition to the summary judgment motion. However, Bowers' deposition was referred to at the hearing both by an attorney for the defendants, who relied upon it to support his contention that Bowers received the January 11 acceleration letter, and by Bowers' own attorney. Under *Jennings v. State*, 566 P.2d 1304, 1310 (Alaska 1977),

---

* Shortell, Superior Court Judge, sitting by assignment made pursuant to Article IV, Section 16 of the Constitution of Alaska.

1. Both the note and the security agreement contained acceleration clauses in the event Bowers defaulted in respect to any of the required payments.

2. January 11, 1980, is the date that Alaska Credit Union sent Bowers notice of acceleration of the payments due under the note and security agreement.

this was sufficient to bring its contents to the district court's attention for purposes of the disposition of the motion for summary judgment.[3]

On November 20, 1980, the district court entered an order granting partial summary judgment and dismissing Bowers' complaint with prejudice.[4] Bowers then appealed to the superior court. On appeal the superior court affirmed the district court's dismissal of Bowers' wrongful repossession claim. This petition for hearing followed. We reverse.

In *Williams v. Municipality of Anchorage,* 633 P.2d 248, 250 (Alaska 1981), we reiterated the legal principles governing resolution of summary judgment motions:

A party is entitled to summary judgment when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that [the] party is entitled to judgment as a matter of law.' Alaska R.Civ.P. 56(c). In determining whether summary judgment is proper in a particular case, the trial court's function is limited to determining whether or

not a genuine issue of material fact exists. *Wilson v. Pollet,* 416 P.2d 381, 384 (Alaska 1966). Where the record presents such an issue of fact, the question must be resolved at trial. 'In ruling on a motion for summary judgment all reasonable inferences from the proofs offered are drawn against movant and viewed in the light most favorable to the party opposing the motion.' *Id.* at 383–84. *See also Alaska Rent-A-Car, Inc. v. Ford Motor Co.,* 526 P.2d 1136, 1139 (Alaska 1974); *Ransom v. Haner,* 362 P.2d 282, 290 n. 24 (Alaska 1961). Thus, the party seeking summary judgment 'has the entire burden of proving that his opponent's case has no merit.' *Nizinski v. Golden Valley Electric Ass'n., Inc.,* 509 P.2d 280, 283 (Alaska 1973), *quoting Braund, Inc. v. White,* 486 P.2d 50, 54 n. 5 (Alaska 1971).[5]

We hold that the district court erred in concluding that Alaska Credit Union met its burden of demonstrating the absence of any genuine issues of material fact.

In our view, Bowers' answer to interrogatory number 1 is not dispositive of the summary judgment issue since there are other materials in the record which

**3.** In *Jennings* we quoted approvingly from 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 2721 (1973), stating that "[t]he parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion," 566 P.2d at 1310. We went on to observe:

In [reaching its conclusion], the superior court limited its review of the case at bar to the pleadings. Even though the parties did little to call the superior court's attention to other items, including the three depositions on file, the superior court should have gone outside the pleadings to consider the entire setting of the case to the extent that the material was brought to the court's attention by the parties on the motion.

566 P.2d at 1310. Although it was not formally published, the Bowers deposition was brought to the court's attention sufficiently to warrant its consideration prior to the summary judgment ruling. Similarly, Alaska R.Civ.P. 56(c), provides that summary "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact ...." Rule 56(c) does not indicate that

the trial court is confined to the material referred to by the parties in their respective motions. Rather, it requires the court to consider material "on file" in ruling on the motion.

**4.** The district court certified its ruling as final pursuant to Civil Rule 54(b). The counterclaim of the Alaska Credit Union and North Pole Collection remain pending in the district court.

**5.** *Accord, Riley v. Northern Commercial Co.,* 648 P.2d 961, 966–67 (Alaska 1982). See also *Mat-Su Blackard/Stephan & Sons v. State,* 647 P.2d 1101, 1102 n. 1 (Alaska 1982). There, we said in part:

The facts recited here are based upon review of the entire file and materials furnished by the parties. *Walker v. White,* 618 P.2d 561, 563 (Alaska 1980). All reasonable inferences from these materials have been drawn in favor of MBS, the non-moving party and against the State, the moving party. *Valkama v. Harris,* 575 P.2d 789, 790 (Alaska 1978). Where factual dispute exists, the nonmoving party's version of the facts is assumed as correct. *B–E–C–K Constructors v. State,* 604 P.2d 578, 581 n. 4 (Alaska 1979).

indicate that Bowers had made the December payment prior to the date the note was accelerated. In his deposition, Bowers repeatedly asserted that his account with the Alaska Credit Union was current at the times in question in this litigation. He claimed that the sum of $224.28 was removed from his account by Alaska Credit Union August 9, 1977, and that this amount should have been applied to the loan. In addition, he argued that the Credit Union erroneously credited his account only $307.18 for a $592.58 payment. If true, these allegations would lend support to Bowers' position that his payments on the note were current when the repossession took place, and thus that the repossession was wrongful.

On the basis of the foregoing, we reverse the superior court's affirmance of the district court's grant of partial summary judgment in favor of Alaska Credit Union. We hold that on this record there are genuine issues of material fact to be resolved in connection with Bowers' wrongful repossession claim. Remaining for resolution is the question of whether or not Bowers was in fact in arrears and in default on the loan at the time Alaska Credit Union accelerated the remaining payments.

Reversed and remanded with directions to remand to the district court for further proceedings consistent with this opinion.

MATTHEWS, Justice, dissenting.

Bowers has never disputed that there were three payments remaining as of the date of the acceleration of the note, January 11, 1980. These payments were necessarily those due December 4, January 4, and February 4, since all agree that February 4 was the date for the final payment. Since the time for making two out of those remaining three payments had passed as of January 11, the credit union was clearly acting within its legal rights in electing to accelerate the note on that date.

Bowers stated in his memorandum in support of his statement of genuine issues:

Plaintiffs submit that it is strange and somewhat telling that defendant ...

waited until *there were three payments remaining to be made* on a thirty-six month contract to take repossession action against them. (Emphasis added)

Likewise, Bowers' answer to Interrogatory No. 1 quoted in the majority opinion clearly states that there were "three payments remaining to be paid by February" and acknowledged that the December payment was not sent to the credit union until January 15, after the credit union had elected to accelerate the note. Similarly, Bowers' counsel at the oral argument on the motion for summary judgment summed up his client's position as follows:

Mr. Bowers' position is that at the time of the acceleration here, he was endeavoring to find out what he owed, that he did not feel that he was in default on the note, and that he was attempting to find out why the Credit Union felt that he was in default on the note as opposed to—They're right *there is no dispute that the January 4th payment was due as of the date of the January 11th letter. The December 4th payment as of the date that the January 11th letter was written was due.* That payment was made, and the Credit Union was informed that they—the payments would be made on a regular schedule in the January 15th letter from Bowers which you have before you. (Emphasis added).

Based on the foregoing admissions by Bowers and his attorney that both the December and the January payments were due as of January 11, I find it impossible to agree with the majority's conclusion that a fact question remains as to whether "Bowers was in fact in arrears and in default on the loan at the time Alaska Credit Union accelerated the remaining payments."