*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ALEXANDRA WERBA, | ) | |
| | ) | Supreme Court No. S-17321 |
| Appellant, | ) | |
| | ) | Superior Court No. 4BE-17-00071 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ASSOCIATION OF VILLAGE | ) | |
| COUNCIL PRESIDENTS, | ) | No. 7505 – February 19, 2021 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Bethel, Nathaniel Peters, Judge.

Appearances: Terry A. Venneberg, Gig Harbor, Washington, and Kenneth R. Friedman, Freidman Rubin, PLLP, Bremerton, Washington, for Appellant. Christina A. Rankin and Elle M. Darcy, Guess & Rudd, P.C., Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

MAASSEN, Justice.

## I. INTRODUCTION

Several months after returning from maternity leave, an association's employee accepted a new special projects position with reduced hours that allowed her to work from home. Later that year she was terminated; the association explained that

there were no more special projects for her to work on and the position was no longer necessary. The employee filed suit, alleging that the association had unlawfully discriminated against her based on pregnancy and parenthood.

The association moved for summary judgment. The employee opposed the motion, arguing that it was fatally deficient because the exhibits on which it relied were not properly authenticated. In its reply the association included an affidavit authenticating the exhibits. The parties continued with discovery in the months that followed, and the association further supplemented its motion with excerpts of depositions.

After oral argument, the superior court concluded that the association had cured any deficiency in its motion by submitting the authenticating affidavit with its reply. Considering all the evidence before it, the court concluded that there were no genuine issues of material fact relevant to the employee's discrimination claim and that the association was entitled to summary judgment. The employee appeals, contending that the superior court should not have considered the evidence submitted after the filing of the deficient motion and that, even if all evidence is considered, the association was not entitled to summary judgment.

We conclude that the superior court acted within its discretion by accepting the authenticating affidavit with the association's reply and that it properly considered all the evidence before it in granting summary judgment. We therefore affirm the judgment of the superior court.

## II. FACTS AND PROCEEDINGS

### A. Facts

Alexandra Werba was hired by the Association of Village Council Presidents (AVCP) in May 2013 as its Vice President of Finance. In August 2015 she gave birth to a child and went on maternity leave. That fall AVCP hired a consulting

firm, Clark Nuber PS, to review the performance of its finance department. One of Clark Nuber's recommendations was that AVCP commission a re-audit of past years' finances. AVCP informed its accounting staff that they should expect to work long hours "into the foreseeable future" to carry out the consultants' recommendations.

Werba returned from maternity leave in November and resumed her position as Vice President of Finance. She soon became unhappy with what she perceived to be a loss of control over the finance department and with the latitude Clark Nuber had been given to make changes. In early 2016 she was approached by Cindy Doyle, a Clark Nuber employee, who asked whether Werba would be more content working from home so she could spend more time with her new baby.

Werba considered the suggestion, then agreed to do it. AVCP offered her a work-from-home position as "Special Projects Accountant," which required her to give up her title of Vice President of Finance. Werba accepted the new position, but after eight months she was informed that there were no more special projects for her to do and her employment with AVCP was terminated.

## B. Proceedings

Werba filed suit against AVCP alleging pregnancy and parenthood discrimination in violation of AS 18.80.220. She alleged that she was never told the Special Projects Accountant position was temporary and that she would have never accepted it had she known. She claimed that her removal as Vice President of Finance, her reassignment to a temporary position, and her eventual termination were the result of AVCP's unlawful discrimination.

AVCP moved for summary judgment on Werba's claims. It argued that Werba was an at-will employee subject to discharge at any time, that there was no evidence that she was terminated because of her status as a parent or that AVCP treated

parents differently from non-parents, and that AVCP had good cause to terminate Werba because of her inadequate performance.

In her opposition Werba argued that AVCP had failed to comply with Alaska Civil Rules 56 and 77 because almost all the exhibits[1] submitted with AVCP's motion were unauthenticated[2] and contained unsworn statements.[3] Werba argued that AVCP, as the moving party, had therefore failed to meet its initial burden of proving through admissible evidence that there was no genuine dispute as to any material fact and that it was entitled to summary judgment as a matter of law. Submitted with Werba's opposition as an exhibit was AVCP's first set of responses to Werba's discovery requests, which included AVCP's explanations for its challenged employment actions.

In its reply AVCP argued that Werba, by relying solely on the alleged procedural defect, had failed to establish a prima facie case of discrimination or to identify any genuine issues of material fact. AVCP included with its reply an affidavit from its general counsel attesting to the authenticity of the unauthenticated exhibits it had submitted with its motion.

---

[1] These exhibits were Werba's job application, AVCP's offer of employment, news articles, an email describing senior management salary cuts, an excerpt from the AVCP employee handbook, an email from Werba asking about the Vice President of Finance position after she had left it, a description of the Special Projects Accountant position, Werba's employment reclassification letter, an email from Werba requesting overtime, Werba's termination letter, and an email from Werba in response to the termination letter.

[2] *See* Alaska R. Evid. 901 ("The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").

[3] *See* Alaska R. Evid. 802 ("Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Alaska Supreme Court, or by enactment of the Alaska Legislature.").

The superior court held oral argument on a discovery motion in February, about a month after the summary judgment motion was fully briefed. The court informed the parties at that time that it would hear argument on the summary judgment motion in April.

The parties continued to conduct discovery in the meantime, including several critical depositions in February and March. In late March AVCP filed a supplement to the pending summary judgment motion, quoting excerpts from the depositions of Werba, Werba's former supervisor, and Doyle, the Clark Nuber employee, and attaching the relevant deposition pages. Three days before the April hearing on the motion Werba filed a "Notice of Supplemental Legal Authority in Opposition to AVCP's Motion for Summary Judgment," a five-page memo excerpting cases that addressed the summary judgment standard.

At oral argument AVCP argued that the undisputed evidence demonstrated that it was entitled to summary judgment. Werba made only the procedural argument: that AVCP was not entitled to summary judgment because it had failed to meet its burden under Rule 56 to support the motion with "sworn, authenticated evidence . . . submitted with it."

The superior court, after taking the matter under advisement, concluded that "any procedural defects [in AVCP's initial submission] were cured by the affidavit of" AVCP's general counsel submitted with the reply. It therefore considered all the exhibits, the deposition excerpts submitted with AVCP's supplemental pleading, and Werba's supplemental legal authority, ultimately concluding that "AVCP's factual arguments were uncontested, indicating that there were no genuine issues of material fact," and that AVCP was entitled to judgment as a matter of law.

Werba moved for reconsideration, arguing that the superior court "overlooked, misapplied, and misconceived provisions of Civil Rule 77 and Civil Rule 56." She again emphasized that AVCP's motion was "dead on arrival" because its supporting exhibits were not authenticated by affidavit, though this time she argued in the alternative that the court had failed to consider the entire record before granting summary judgment and that there was evidence demonstrating the existence of a genuine issue of material fact.

The court denied reconsideration, and Werba filed this appeal.

## III. STANDARD OF REVIEW

We review the "grant of a summary judgment motion de novo, affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law."[4] "In this examination, we draw all reasonable inferences in favor of the nonmovant."[5] We "may affirm on any ground in the record, not only those argued by the parties."[6] "We exercise our independent judgment when interpreting Alaska's civil rules, but [we] review a superior court's procedural decisions for abuse of discretion."[7] "A decision constitutes [an] abuse of discretion if it is 'arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive.' "[8]

---

[4] *Espeland v. OneWest Bank, FSB*, 323 P.3d 2, 8 (Alaska 2014) (quoting *Erkins v. Alaska Tr., LLC*, 265 P.3d 292, 296 (Alaska 2011)).

[5] *Id.*

[6] *Id.*

[7] *Rockstad v. Erikson*, 113 P.3d 1215, 1219-20 (Alaska 2005) (footnote omitted).

[8] *Gunn v. Gunn*, 367 P.3d 1146, 1150 (Alaska 2016) (quoting *Roderer v. Dash*, 233 P.3d 1101, 1106 (Alaska 2010)).

## IV.   DISCUSSION

### A.   The Superior Court Did Not Abuse Its Discretion By Considering All The Evidence Submitted By The Parties On AVCP's Summary Judgment Motion.

The presentation of memoranda and evidence on AVCP's motion for summary judgment did not follow the progression anticipated by the Alaska Civil Rules. First, as Werba correctly points out, the motion and accompanying exhibits failed to demonstrate that AVCP was entitled to judgment as a matter of law. Most of the exhibits submitted with AVCP's motion — Werba's employment application, several letters and emails, a job description, an excerpt from the employee handbook, and two news articles — were unauthenticated.[9]   And the affidavit of the company's former comptroller, submitted at the same time, described some of the case's background and some of the affiant's observations without directly rebutting Werba's central claim — that her change of position and eventual termination were due to her status as a parent.

---

**9**      *See Murat v. F/V Shelikof Strait*, 793 P.2d 69, 76 n.16 (Alaska 1990) (discussing but not adopting Ninth Circuit position that "treat[s] the authentication rule with some rigidity").  We note that as of 2010, Federal Rule of Civil Procedure 56 no longer requires authentication of exhibits unless the party opposing summary judgment challenges their authenticity.  *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2722 (4th ed. 2020); *Sanderina, LLC v. Great Am. Ins. Co.*, No. 2:18-cv-00772-JAD-DJA, 2019 WL 4307854, at *2 (D. Nev. Sept. 11, 2019) ("The 2010 amendment 'eliminate[d] the unequivocal requirement' that evidence must be admissible in its present *form* in order to be considered at summary judgment." (alteration in original) (emphasis in original) (quoting *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016))). *But cf. Jackson v. Kansas City Kan. Pub. Sch. Unified Sch. Dist. No. 500*, 378 F. Supp. 3d 1016, 1024-25 (D. Kan. 2019) (continuing to require authentication at summary judgment stage when authenticity is challenged by party opposing summary judgment).

Werba argues on appeal that because of these deficiencies the superior court "was required to deny AVCP's motion"; she argues that she had no obligation to respond to the motion beyond "pointing out that AVCP had failed to meet its evidentiary burden." Although by the time of oral argument there was other evidence in the record, including some submitted by Werba herself, she argues that the court was not allowed to consider it, and that the court had to decide the motion's adequacy solely by reference to AVCP's initial submission.

The usual procedure on summary judgment is established by Civil Rule 56 and our case law interpreting it. "[A] party seeking summary judgment has the initial burden of proving, through admissible evidence, that there are no [genuine] disputed issues of material fact and that the moving party is entitled to judgment as a matter of law."[10] "[A] non-moving party does not need to *prove* anything to defeat summary judgment."[11] But "[o]nce the moving party has made that showing, the burden shifts to the non-moving party 'to set forth specific facts showing that [the nonmovant] could produce evidence reasonably tending to dispute or contradict the movant's evidence and thus demonstrate that a material issue of fact exists.' "[12]

Civil Rule 56(c) requires that a summary judgment motion follow the procedure of Rule 77, which sets out three steps to the presentation of argument and evidence on a motion. First, the moving party files the motion and serves it on the

---

[10] *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 517 (Alaska 2014) (alterations in original) (quoting *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 760 n.25 (Alaska 2008)).

[11] *Id.* at 516 (emphasis in original).

[12] *Id.* at 517 (quoting *State, Dep't of Highways v. Green*, 586 P.2d 595, 606 n.32 (Alaska 1978)).

opposing party.[13]  The motion must contain

> (1) legible copies of all . . . evidence which the moving party intends to submit in support of the motion; (2) a brief, complete written statement of the reasons in support of the motion, [including] a memorandum of the points and authorities upon which the moving party will rely; and (3) an appropriate order for the court's signature in the event that the motion is granted.[14]

These requirements ensure that the non-moving party is made aware of the relief sought, the legal rationale for it, and the evidence on which it relies.

The non-moving party may oppose the motion with evidence, argument, and a proposed order of its own.[15]  And finally, the moving party may reply.[16]  But "[t]he function of a reply memorandum is to respond to the opposition to the primary motion, not to raise new issues or arguments, much less change the nature of the primary motion."[17]  Generally speaking, therefore, "[a]s a matter of fairness, the trial court [cannot] consider an argument raised for the first time in a reply brief."[18]  Rule 77's regular briefing sequence is intended to ensure that each side has the opportunity to respond to arguments and evidence presented by the other.

However, we reject Werba's argument that a moving party's failure at the first step of the process necessarily means that the motion is "dead on arrival."  Trial

---

[13]    Alaska R. Civ. P. 77(a)-(b).

[14]    Alaska R. Civ. P. 77.

[15]    Alaska R. Civ. P. 77(c).

[16]    Alaska R. Civ. P. 77(d).

[17]    *Demmert v. Kootznoowoo, Inc.*, 960 P.2d 606, 611 (Alaska 1998).

[18]    *Alaska State Emps. Ass'n v. Alaska Pub. Emps. Ass'n*, 813 P.2d 669, 671 n.6 (Alaska 1991).

courts have the discretion to allow parties to supplement pending motions in order to cure deficiencies, buttress their evidence, or strengthen their legal arguments — as long as the other side has a fair opportunity to respond.[19]

Rule 56(e) itself provides: "The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." Whether to allow supplementation is thus clearly discretionary, and "we shall interfere only where there has been an abuse of discretion."[20] Furthermore, when considering parties' attempts to supplement the record on summary judgment, we have repeatedly advised trial courts to "take account of the entire setting of the case."[21]

In *Walker v. White* we reviewed a superior court's grant of summary judgment dismissing a counterclaim on a promissory note; the court had declined to consider three letters, allegedly acknowledging the disputed debt, that were filed the day

---

[19] *See Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 396 (Alaska 2013) (remanding for further proceedings when trial court's summary judgment ruling relied on argument first made at oral argument and other party had no opportunity to respond); *Bittner v. State ex rel. Alaska Laborers & Hod Carriers Union Local No. 942*, 627 P.2d 648, 649 (Alaska 1981) (remanding for further proceedings when party that prevailed on summary judgment disclaimed reliance on superior court's rationale, relying instead on alternative basis that "was first presented to the superior court in the [moving party's] reply memorandum to which [the opposing party] had no opportunity to respond until after summary judgment was granted").

[20] *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 572 (Alaska 1969) ("The word 'may' makes the imposition of the sanction discretionary with the court.") *superseded on other grounds by rule*, Alaska R. Civ. P. 25(d), *as recognized in Gieffels v. State*, 552 P.2d 661, 667-68 (Alaska 1976); *see Jeffries v. Mills*, 995 P.2d 1180, 1184 (Or. App. 2000) (observing that whether to allow "leave to file supplemental affidavits" is "a matter for the trial court's discretion" while citing Oregon's analogue to Alaska Civil Rule 56(c)).

[21] *Walker v. White*, 618 P.2d 561, 563 (Alaska 1980) (quoting *Jennings v. State*, 566 P.2d 1304, 1310 (Alaska 1977)).

before oral argument on the motion.[22] We noted that "[t]he superior court refused to consider [the letters] because of its belief that they were not submitted in compliance with Alaska Rule of Civil Procedure 56(e)."[23] But we reversed because "the letters were properly before the superior court in connection with the summary judgment motion" and should have been considered.[24] In doing so we quoted extensively from *Jennings v. State,* in which we concluded that the court, in deciding whether to grant summary judgment, was required to consider all materials before it even if "not formally offer[ed] . . . as evidence . . . or . . . marked as an exhibit at the hearing on the motion."[25]

We applied these principles again in *Bowers v. Alaska State Employees Federal Credit Union*, in which the district court granted summary judgment on a debt claim when, apparently "as a result of attorney error, no exhibits were submitted in support of [the] opposition to the summary judgment motion."[26] But both parties referred to the debtor's deposition at the hearing on the motion, and we held that "this was sufficient to bring its contents to the district court's attention for purposes of the disposition of the motion for summary judgment."[27] After again quoting *Jennings* in a footnote, we added: "Rule 56(c) does not indicate that the trial court is confined to the material referred to by the parties in their respective motions. Rather, it requires the

---

[22] *Id.* at 562-63.

[23] *Id.* at 563.

[24] *Id.*

[25] *Id.* (quoting *Jennings*, 566 P.2d at 1310).

[26] 670 P.2d 1145, 1146-47 (Alaska 1983).

[27] *Id.* at 1146-47.

court to consider material 'on file' in ruling on the motion."[28]  We have repeatedly reaffirmed this expansive view of the trial court's task on summary judgment.[29]

We conclude that the superior court did not abuse its discretion by considering material submitted after AVCP's initial motion, including the general counsel's affidavit curing the authentication problem and the excerpts of depositions taken later.  Several considerations shape our conclusion.  First, Werba has not argued that AVCP's exhibits were *not* authentic; they included employment documents she signed, correspondence she wrote or received, and email exchanges between her and other AVCP employees.  AVCP asserts — and Werba does not dispute — that copies of four of the challenged exhibits could be found in Werba's own document production.  And there appears to be no question but that most if not all of the exhibits could have been presented at trial in admissible form; Werba would have had to address their substance then if she had not done so earlier.  Her position thus stands on formality rather than a real doubt about whether the exhibits were genuine.  We conclude that she was not seriously prejudiced by the court's decision to allow AVCP to "cure" the lack

---

[28]  *Id.* at 1147 n.3.  According to Rule 56(c), "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

[29]  *See Erkins v. Alaska Tr., LLC*, 265 P.3d 292, 300 (Alaska 2011) ("When granting summary judgment, the trial court has a duty to consider the full record and the 'entire setting of the case' to ensure no triable issues of material fact exist, and in so doing must look beyond issues presented in the parties' motions." (quoting *Prentzel v. State, Dep't of Pub. Safety*, 169 P.3d 573, 582 (Alaska 2007))); *Am. Rest. Grp. v. Clark*, 889 P.2d 595, 598 (Alaska 1995) ("Under Rule 56, even if [the moving party] failed to bring the relevant deposition testimony . . . to the superior court's particular attention, it did not relieve the superior court of its obligation to examine the record before determining that no genuine issue of material fact existed.").

of authentication by filing an affidavit with its reply.[30]

Also important here is the case's pretrial schedule. At the April oral argument, counsel for AVCP pointed out that the dispositive motions deadline was in December but discovery had continued until "just a few weeks ago." Important depositions occurred in February and March, after briefing on the summary judgment motion was complete but a month before it was to be argued. Thus, the parties had learned more about the case — and how it was likely to be presented at trial — than the court could know from reading only the summary judgment motion and opposition. If further discovery had uncovered or eliminated genuine issues of material fact relevant to the pending motion, it was certainly reasonable for the parties to inform the court of that and for the court to allow the parties to supplement their filings with new material; after all, "[t]he purpose of the summary judgment procedure is to separate those cases in which there are genuine issues to be tried from those in which there are none."[31] All

---

[30] *See, e.g.*, *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 769 (7th Cir. 2020) (noting that when non-moving party objects on authentication grounds, "nothing stops the trial court from allowing the offering party to supplement the record to cure the defect"); *see Elwakin v. Target Media Partners Operating Co.*, 901 F. Supp. 2d 730, 738-39 (E.D. La. 2012) (allowing moving party to cure defective affidavit by "expeditiously" supplying missing notarization); *see also Gomez v. City of Vacaville*, No. 2:18-cv-26998-KJM-KJN, 2020 WL 5235674, at *4 (E.D. Cal. Sept. 2, 2020) (noting that although medical record was not authenticated, it could still be considered "at [summary judgment] stage because the authentication issue may be cured at trial; nothing about the document's contents suggest it would be inadmissible at trial if properly authenticated").

[31] *Kendall v. State, Div. of Corr.*, 692 P.2d 953, 955 (Alaska 1984); *see also Ransom v. Haner*, 362 P.2d 282, 289 (Alaska 1961) ("The purpose of summary judgment . . . is to allow the court to dispose summarily of a case where the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

(continued...)

of the civil rules are supposed to "be construed to secure the just, speedy and inexpensive determination of every action and proceeding."[32] These goals are poorly served if a case proceeds to trial on the court's mistaken belief that there is an issue of fact to be tried when the parties — because of continuing discovery — know there is not.

We must note, however, that to ensure a fair process the parties and the court in this case should have followed a more structured schedule in supplementing the motion with the authenticating affidavit and the deposition excerpts. Rule 56(e)'s authorization for a court to "permit affidavits to be supplemented or opposed by depositions or by further affidavits" implies that a party will ask for that permission before supplementing the record outside the usual course of briefing; the court's grant of leave to supplement should include an invitation to the other party to timely respond.

But in this case we see no prejudice to Werba in the unorthodox process, as she had both time and opportunity to respond to AVCP's evidence-based arguments. There were four months between the completion of regular briefing and oral argument. Werba did not respond to the general counsel's affidavit filed with AVCP's reply or seek permission to do so.[33] Although the depositions resulted in testimony that Werba believed helped her case, she did not attempt to make a substantive argument against summary judgment — even as a fallback position — before the motion was decided.

---

[31] (...continued) as a matter of law.").

[32] Alaska R. Civ. P. 1.

[33] We note that Werba had moved to strike AVCP's motion for summary judgment on grounds that it was untimely under the case's Civil Pretrial Order but withdrew the motion a day later. She also moved to strike AVCP's cost bill on grounds that the proper verification was not submitted until a day after the cost bill was due. Werba's attorney was clearly aware of the available procedural mechanisms for challenging improper filings.

Both parties filed supplemental materials, but Werba's were confined to excerpts from case law.[34] At oral argument AVCP argued its entitlement to summary judgment based on the evidence, and Werba again passed up the opportunity to argue the facts and relied solely on the procedural flaw.

After the court had ruled in AVCP's favor, Werba filed a motion for reconsideration which, in addition to her procedural objection, *did* address the summary judgment motion's substance. She then argued — somewhat inconsistently — that the court had erred by failing to take into account the case's entire record, including evidence that favored her position. The court invited a response from AVCP, and the parties' factual dispute was thus squarely presented a second time. The court denied reconsideration in a seven-page order that again reviewed the evidence. While noting Werba's failure to raise any factual arguments in the regular course of briefing, the court explained how the evidence supported its decision.

In sum, because Werba had the time and opportunity to respond to AVCP's evidence-based arguments, the court did not abuse its discretion by allowing AVCP to supplement the record on summary judgment with the authenticating affidavit submitted with its reply and the deposition excerpts submitted later.

**B.    The Superior Court Did Not Err By Granting Summary Judgment To AVCP.**

On appeal, as in her motion for reconsideration, Werba relies not just on her procedural objection but also on an argument that the superior court failed to consider

---

[34]    Alaska Civil Rule 77(*l*) authorizes parties to advise the court of "[s]upplemental authorities" that "come to the attention of a party after the party's memorandum has been filed, or after oral argument but before decision." But the rule requires such notice to be made "by letter, with a copy to adversary counsel," "setting forth the citations" and referencing "the page of the memorandum or . . . a point argued orally to which the citations pertain," but without "argument or explanations."

the case's entire record when granting summary judgment. We reject this argument because the record — including the evidence submitted by Werba herself — demonstrates that AVCP was entitled to summary judgment.

Werba's central claim is that AVCP, when offering her the Special Projects Accountant position, deceived her by failing to inform her that the position was temporary and that accepting it would ultimately lead to the termination of her employment when the special projects ended. She asserts that she accepted the Special Projects Accountant position only because of her new childcare responsibilities, and that her eventual termination therefore violated the anti-discrimination statute, AS 18.80.220, which provides that it is "unlawful for . . . an employer . . . to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's . . . pregnancy . . . or parenthood."

In an employment discrimination claim based on AS 18.80.220, the employee has the initial burden to establish a prima facie case of discrimination.[35] To carry this burden the employee is required to present evidence that (1) she was "a member of a protected class under the statute"; (2) she was "qualified for the position"; (3) she "suffered adverse employment action, despite these qualifications"; and (4) "the employer treated [her] less favorably than other qualified persons."[36] If the employee satisfies this threshold requirement, the burden then "shifts to the employer to articulate a legitimate, nondiscriminatory reason why the employee was discharged."[37] If the employer makes that showing, the burden shifts "back to the employee to show that the

---

[35] *Miller v. Safeway, Inc.*, 102 P.3d 282, 290-91 (Alaska 2004).

[36] *Id.* at 291.

[37] *Id.*

-16- **7505**

employer's stated reason for the discharge was in fact pretext."[38]

We assume for purposes of this analysis that Werba's initial burden was met: that is, that there was evidence in the record to show that she was a member of a protected class (as a parent); that she was qualified to be a Special Projects Accountant; that she lost the position despite her qualifications; and that she was treated less favorably than other employees. To carry its responsive burden, therefore, AVCP was required to "articulate a legitimate, nondiscriminatory reason why [Werba] was discharged."[39]

Notwithstanding the shortcomings of the evidence AVCP submitted with its summary judgment motion, the evidence Werba herself submitted in opposition — AVCP's discovery responses — articulated the association's rationale for her discharge. Regarding the move from Vice President of Finance to Special Projects Accountant, AVCP stated that it "offered [Werba] the Special Accountant Position, which would allow her to work from home, and she accepted it, so any 'decision to end [Werba's] employment as Vice President of Finance in February 2016' was made by [Werba], not AVCP." AVCP also explained the circumstances surrounding the end of Werba's new assignment: "[B]y September of 2016, the special projects that . . . Werba was working on were wrapping up and AVCP did not anticipate any additional projects to assign to a Special Project Accountant. AVCP has not hired anyone to replace . . . Werba as the Special Project Accountant."

---

[38] *Id*.; *see also Veco, Inc. v. Rosebrock*, 970 P.2d 906, 919 (Alaska 1999) (describing third step in analysis as requiring "the plaintiff to show that the defendant's proferred explanation is merely a pretext for discrimination" (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986))).

[39] *Safeway, Inc.*, 102 P.3d at 291,

AVCP thus put forth an ostensibly "legitimate, nondiscriminatory reason" for Werba's termination:  she chose to move into the Special Projects position herself because it "would allow her to work from home," and the Special Projects position was ultimately terminated because the special projects ended.  Werba does not dispute that AVCP had the right to terminate her employment for any non-discriminatory reason.  And neither change in position necessarily shows unlawful discrimination; Werba's move to Special Projects was by agreement, as other evidence confirmed, and the Special Projects position ended because the work ended.

The burden shifted to Werba to show that AVCP's stated reasons for the changes in her position were "a pretext for discrimination."[40]  Werba cites evidence that her job performance was good, but to show pretext she cites only the deposition testimony of Deborah White, former AVCP Human Resources Director, who testified that she thought Werba had been "deceived" about the nature of the Special Projects position at the time she took it.  But accepting this testimony as true for purposes of summary judgment, as we must,[41] it fails to show parenthood-based discrimination; White's own explanation of her comment removed any such implication.  White testified that she thought Werba was "deceived" because Werba was treated the same way Doyle, the Clark Nuber consultant, "treated everybody that was senior management."  White testified that with one exception, "all of the senior management in that company" were "systematically either constructively discharged, forced to leave, or demoted."

---

[40]     *Id.*; *Veco, Inc.*, 970 P.2d at 919.

[41]     *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 520 (Alaska 2014) ("[T]he only questions to be answered at the summary judgment stage are whether a reasonable person could believe the non-moving party's assertions and whether a reasonable person could conclude those assertions create a genuine dispute as to a material fact.").

As the superior court observed in its order denying Werba's motion for reconsideration, "White did not say that Doyle singled Werba out and tricked her into working from home because of her status as a parent. Instead, White insinuated that Doyle was 'cleaning house' and treated all senior staff in a similar fashion." The court also noted Werba's own testimony, which the court reasonably interpreted to mean that she "knowingly and voluntarily chose to leave her position [as Vice President of Finance] and work from home." The Special Projects Accountant position, as described in the written offer Werba accepted, explicitly involved no "commitment for a term of employment." Whether the position ended because there were no more special projects or because AVCP was dissatisfied with Werba's performance, there is no evidence tying it to Werba's status as a parent. After reviewing the evidence in the record,[42] we conclude, like the superior court, that there was no genuine issue of material fact precluding summary judgment on Werba's claim that AVCP discriminated against her in violation of AS 18.80.220(a)(1).

## V.   CONCLUSION

We AFFIRM the judgment of the superior court.

---

[42]   *See Winschel v. Brown*, 171 P.3d 142, 145 (Alaska 2007) ("We independently review orders granting summary judgment by considering the entire record in the light most favorable to the non-moving party to determine whether it reveals any genuine issues of material fact.").