NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JAMES W. DOBSON, | ) | |
| | ) | Supreme Court No. S-18167 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-11-09818 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TONI L. DOBSON, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1920 – September 14, 2022 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances:  James W. Dobson, pro se, Wasilla, Appellant. Notice of nonparticipation filed by Toni L. Dobson, pro se, Chugiak, Appellee.

Before:  Winfree, Chief Justice, Maassen, Carney, and Borghesan, Justices.  [Henderson, Justice, not participating.]

## I.    INTRODUCTION

This is the third appeal arising from a decade-long custody dispute between the parents of five children.[1]  Last year the court-appointed parenting coordinator resigned from the case after submitting a final update and list of recommendations concerning the parents' visitation arrangement.  The superior court adopted those

---

\*    Entered under Alaska Appellate Rule 214.

[1]    *Dobson v. Dobson*, No. S-15388, 2014 WL 3889058 (Alaska Aug. 6, 2014); *Dobson v. Dobson*, No. S-17781, 2021 WL 1662768 (Alaska Apr. 28, 2021).

recommendations and entered a visitation order. The father appeals, arguing that the superior court erred by (1) failing to rule on an earlier motion challenging the parenting coordinator's authority, (2) expediting consideration of the parenting coordinator's recommendations, (3) failing to hold a hearing before adopting the recommendations, and (4) denying him discovery.

We hold that the court did not abuse its discretion by declining to address the parenting coordinator's authority because that issue had already been decided. Nor did the court err by declining to hold a hearing or order discovery, because the father raised no dispute of material fact requiring a hearing to resolve and never asked the court to compel discovery. Finally, although it was error to grant a motion for expedited consideration without first giving the father an opportunity to respond, the error caused no discernable prejudice. We therefore affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

James and Toni Dobson divorced in 2011. Toni had primary physical custody of the parties' five children, although only one still is a minor. Toni was awarded sole legal custody in 2013.

In February 2017 the superior court appointed a parenting coordinator pursuant to Alaska Civil Rules 53 and 100.[2] The parenting coordinator was authorized to resolve the parties' subsequent disputes in certain areas, including scheduling and communication with the children. The parenting coordinator was also authorized to recommend modifications to the custody arrangement, though she was barred from making any modifications herself.

---

[2]    Civil Rule 53 governs the appointment and use of special masters, and Civil Rule 100 governs the use of mediation in civil matters.

## A. Initial Challenges To Parenting Coordinator's Authority

In October 2017 the parenting coordinator instructed James not to contact any of the children while authorities conducted an investigation into an incident involving James and the parties' youngest child. James contested the parenting coordinator's authority in the case, including her authority to issue a no-contact order. The superior court rejected these challenges. In an order denying a motion James filed shortly after the parenting coordinator issued the no-contact order, the superior court explained that the parenting coordinator had "continuing authority in this matter" and "may impose . . . [these] stringent limits on contact." The superior court later limited James to supervised visitation on the parenting coordinator's recommendation.

In April 2020 James moved for reconsideration of the superior court's appointment of the parenting coordinator, arguing that the no-contact order exceeded the scope of the parenting coordinator's authority. The superior court denied that motion "as duplicative of prior motion work filed by [James] and addressed by the [superior] [c]ourt." We affirmed that decision on appeal.[3]

In January 2021 the parenting coordinator submitted an update and set of recommendations to the court proposing a plan to increase James's visitation with the children. The parenting coordinator also advised against joint counseling, explaining that this type of counseling would not be beneficial to the children at that time and would instead more likely cause them additional harm.

That same month James filed a responsive motion asking the court to disregard the parenting coordinator's comments, again arguing that the parenting coordinator lacked the authority to order no contact with his children in October 2017. James suggested that all of the parenting coordinator's actions after she issued the

---

[3] *Dobson*, 2021 WL 1662768, at *2.

allegedly unlawful order were invalid and urged the superior court not to rely on her observations and recommendations.

### B.     Changes In Visitation And Parenting Coordinator's Resignation

In February 2021 the superior court issued an order designed to transition James back to "more normalized" visitation with the parties' children. The court mostly adopted the parenting coordinator's recommendations, including those outlining a six-phase period of visitation, and found that it was not appropriate to mandate joint therapy for James and the parties' youngest child at that time. Recognizing that circumstances could change in the future, the court ruled that "[a]n appropriate trigger for . . . joint therapy . . . would be a recommendation by the [child's] counselor for such therapy."

On July 19, 2021, the parenting coordinator filed a notice that she would resign from the case effective August 19, 2021. Attached to this notice were her final update and recommendations to the superior court. Relevant to this appeal, the parenting coordinator urged the court to give the parties' youngest child full control over the decision whether to have any contact with his father.

The parenting coordinator also moved for expedited consideration of her recommendations in case the court required more input from her to decide visitation before she resigned from the case. The parenting coordinator emailed each of the parties a copy of her notice of resignation, final recommendations, and request for expedited consideration on July 19.

The court granted the request for expedited consideration the same day it was filed, without having received a response from James. It ruled that the parties' responses to the parenting coordinator's recommendations were due on July 26.

On July 22 James opposed the parenting coordinator's request to expedite consideration, stating he was on vacation and that a therapist he wished to call as a

witness was unavailable at that time. James requested until August 2 to respond to the recommendations.

James then filed an opposition to the parenting coordinator's recommendations on July 26. He first reiterated his opposition to expedited consideration. He then referenced his January 2021 motion to disregard the parenting coordinator's comments, arguing that the motion was still outstanding and implying that the court should rule on it before proceeding. James also indicated that he wanted "a hearing to present written and verbal evidence the [superior] [c]ourt should consider before [issuing] a final order." Specifically, James stated that he wished to "enter testimony from [several counselors] on possible benefits of joint counseling" for him and the parties' youngest child, reasoning that those counselors "believed [joint counseling] could be beneficial."

## C. Superior Court's Order Adopting The Parenting Coordinator's Recommendations

On August 2 the superior court issued an order adopting the parenting coordinator's final recommendations, noting that James had not offered any substantive arguments opposing them. The court did not hold a hearing before issuing the order.

The order did not explicitly address joint counseling involving James and the parties' youngest child, but the superior court emphasized that the child or his therapist — not James — shall decide whether and how the two eventually resume contact. The court also denied James's opposition to expedited consideration and request for more time to respond to the parenting coordinator's recommendations. The court suggested that James's timely filing of his opposition, as well as his filing of a new motion on a separate issue on the July 26 deadline, demonstrated that he had enough time to oppose the recommendations.

James appeals.

## III. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion By Refusing To Entertain James's Challenge To The Parenting Coordinator's Authority.

In January 2021 James filed a motion objecting to the parenting coordinator's authority to make recommendations, arguing as he had before that the no-contact order imposed by the parenting coordinator was unlawful. James now argues that the superior court's final order must be reversed because the court never ruled on this objection.[4] But because this issue had already been decided, the court did not abuse its discretion by declining to revisit it.[5]

We observed in the previous appeal in this case that James had "repeatedly contested the parenting coordinator's authority and decisions" and "[t]he superior court [had] repeatedly affirmed the coordinator's authority and adopted her recommendations."[6] In a 2018 order denying a motion James filed after the parenting coordinator issued the no-contact order, the superior court explained that the parenting coordinator had "continuing authority in this matter" and "may impose . . . [these] stringent limits on contact." James did not appeal that order or any other order upholding the parenting coordinator's authority until more than two years later, when he appealed the denial of a motion for reconsideration in which he had argued that the no-contact order exceeded the scope of the parenting coordinator's authority. The superior court

---

[4] Despite not ruling on James's January motion, the superior court acknowledged having reviewed James's motion work regarding the transition toward less restrictive visitation.

[5] *See Jones v. Jones*, 505 P.3d 224, 228 (Alaska 2022) ("We review the superior court's decision to apply the law of the case doctrine for abuse of discretion.").

[6] *Dobson*, 2021 WL 1662768, at *1.

denied that motion "as duplicative of prior motion work filed by [James] and addressed by the [superior] [c]ourt."  We affirmed, explaining that James's motion merely "[sought] to reargue the merits of old decisions."[7]

Because the motion James filed in January 2021 made the same argument as his previous motions on this topic, the relief he seeks is barred by the law of the case. "[T]he law of the case doctrine 'limits redetermination of rulings made earlier in the same lawsuit.' "[8]  It applies both to issues that have been "adjudicated in a previous appeal in the same case" and to "issues that have been fully litigated in the superior court and as to which no timely appeal has been made."[9]  Because James failed to timely appeal the superior court's earlier rulings upholding the parenting coordinator's authority, the superior court did not abuse its discretion by declining to revisit this issue in 2021.

**B.    Any Error In Expediting Consideration Of The Parenting Coordinator's Recommendations Was Harmless.**

James argues that the superior court should not have granted the parenting coordinator's request to expedite consideration of her final recommendations.  James first contends that because the parenting coordinator is a nonparty — specifically, a special master subject to the constraints of Civil Rule 53 — she lacked the authority to file motions in this case.

Civil Rule 53(b) permits special masters "to do all acts and take all measures necessary or proper for the efficient performance of the master's duties under

---

[7]    *Id.* at *2.

[8]    *Robert A. v. Tatiana D.*, 474 P.3d 651, 654-55 (Alaska 2020) (emphasis omitted) (quoting *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317 (7th Cir. 1995)).

[9]    *Id.* (quoting *Barber v. State, Dep't of Corr.*, 393 P.3d 412, 419 (Alaska 2017)).

the [appointment] order," a broad authority that is "[s]ubject to the specifications and limitations stated in the order." We exercise our independent judgment when interpreting the scope of a special master's authority under Civil Rule 53.[10]

The order appointing the parenting coordinator provided that the parenting coordinator was "to assist the parents to implement the final orders issued [by the superior court] in this case." Requesting expedited consideration of the court's ruling on her final recommendations put the parenting coordinator — who had extensive knowledge about the family — in a position to better carry out this duty, increasing the likelihood that she would be available for additional input should the court have required it in deciding visitation. Requesting expedited consideration in these circumstances was entirely consistent with the parenting coordinator's authority.

James next argues that the superior court did not give him a reasonable opportunity to respond to the motion to expedite because the court granted it the same day it was filed. We agree with James on this point and conclude that the superior court erred.[11] "The [superior] court may not grant [a] motion for expedited consideration prior to allowing the opposing party a reasonable opportunity to respond . . . absent compelling reasons for a prompt decision and a showing that reasonable efforts were made to notify the opposing party . . . ."[12] The court did not give James a reasonable

---

[10]    *See Werba v. Ass'n of Vill. Council Presidents*, 480 P.3d 1200, 1204 (Alaska 2021) ("We exercise our independent judgment when interpreting Alaska's civil rules . . . ." (quoting *Rockstad v. Erikson*, 113 P.3d 1215, 1219-20 (Alaska 2005))).

[11]    *See del Rosario v. Clare*, 378 P.3d 380, 383, 387 (Alaska 2016) (treating whether a party was given an adequate opportunity to respond to a motion to expedite consideration as a due process issue, reviewed de novo).

[12]    Alaska R. Civ. P. 77(g)(6).

opportunity to respond, and we see no compelling reason for ruling on the motion the same day it was filed.

However, this error did not prejudice James.[13] James filed a late opposition to the parenting coordinator's request to expedite consideration and asked for more time to respond to the underlying recommendations. Although by that point the court had already granted the motion to expedite, the court later acknowledged and then justifiably rejected James's opposition and request for more time in its order adopting the recommendations. James ultimately had a full week to respond to the parenting coordinator's final update and recommendations, which were only eight pages long. Neither James's opposition to expedited consideration nor his substantive response to the recommendations explains how more time would have helped him, and he does not elaborate on appeal. Finally, James also filed a new motion on a separate topic on the same day the parties' responses to the parenting coordinator's recommendations were due, undercutting his position that he did not have enough time to prepare his opposition to the parenting coordinator's recommendations. In sum, the superior court's premature ruling on the parenting coordinator's request to expedite consideration was harmless error.

---

[13]    *See* Alaska R. Civ. P. 61 ("[N]o error or defect in any ruling or order . . . is ground for . . . vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court . . . must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); *see also In re Hospitalization of Rabi R.*, 468 P.3d 721, 732 (Alaska 2020) (holding that superior court's consideration of unsworn allegations when issuing civil commitment order was harmless error because there was no apparent prejudice).

**C.  The Superior Court Did Not Err By Adopting The Parenting Coordinator's Final Recommendations Without A Hearing.**

James's opposition to the parenting coordinator's final recommendations requested an evidentiary hearing. The superior court adopted the parenting coordinator's recommendations without holding a hearing. James argues that the superior court's decision not to hold an evidentiary hearing violated his due process rights. "We review de novo whether a party received due process, 'adopting "the rule of law that is most persuasive in light of precedent, reason, and policy." ' "[14]

James was not entitled to an evidentiary hearing because he raised no genuine dispute of material fact.[15] The superior court had already decided that the appropriate trigger for ordering James and the parties' youngest child to undertake joint therapy would be the child's consent or a recommendation by the child's therapist. James did not represent that any of the people whose testimony he wished to present — two of whom were his own therapists — had met with or evaluated his child. Thus their testimony would not have been relevant to the remaining factual issue to be decided: whether there was a therapeutic recommendation for the child to engage in joint therapy with his father. For this reason, the superior court did not err by adopting the parenting coordinator's final recommendations without a hearing.

---

[14]  *del Rosario*, 378 P.3d at 383 (footnote omitted) (quoting *Philip J. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 264 P.3d 842, 846 (Alaska 2011)); *see also Limeres v. Limeres*, 367 P.3d 683, 686 (Alaska 2016) ("We use our independent judgment to decide whether it was error not to hold an evidentiary hearing." (quoting *Routh v. Andreassen*, 19 P.3d 593, 595 (Alaska 2001))).

[15]  *See Hartley v. Hartley*, 205 P.3d 342, 350 (Alaska 2009) ("An evidentiary hearing is not necessary if there is no genuine issue of material fact."); *see also Wilhour v. Wilhour*, 308 P.3d 884, 888 (Alaska 2013).

**D. The Superior Court Did Not Deny James An Opportunity For Discovery.**

Finally, James argues that the superior court denied him discovery of his youngest child's confidential medical information. James argues on appeal that various individuals refused to grant his informal requests for that information, but it does not appear that James ever moved for a court order to compel its disclosure.[16] Because James did not request anything of the superior court, it cannot be said that the court "denied" James discovery, let alone that the court abused its discretion by doing so.[17]

## IV. CONCLUSION

We AFFIRM the judgment of the superior court.

---

[16] *See* Alaska R. Civ. P. 37(a) (describing process to compel disclosure or discovery).

[17] *See Punches v. McCarrey Glen Apartments, LLC*, 480 P.3d 612, 619 (Alaska 2021) ("We review the superior court's rulings on discovery and motions to compel discovery for abuse of discretion." (footnotes omitted)).